[No. 34701. Department One. December 4, 1958.]

LLOYD W. WARNER et al., Appellants, v. CLARENCE M. AMBROSE et al., Respondents.[1]

[1]Reported in 332 P. (2d) 941.

*Kahin, Carmody & Horswill* and *Daniel B. Allison,* for appellants.

*Elliott, Lee, Carney & Thomas* and *Eugene A. Greenway,* for respondents.

*A. C. Van Soelen* and *Frank W. Draper, amici curiae.*

FOSTER, J.—This appeal is from a final judgment entered after the respondents' demurrer to the appellants' second amended complaint was sustained. Appellants declined to amend further.

The action arises out of a motor vehicle collision at the intersection of two nonstate, nonarterial streets in the city of Seattle. The vehicles entered the intersection at right angles, the appellants' vehicle being on the left of the respondents'. The city of Seattle had placed a "Yield Right of Way" sign on the corner which was faced by the respondents in approaching the intersection in question. The controversy centers around the effect to be given to the Yield Right of Way sign. The second amended complaint alleged that the sign had been erected by the division of traffic engineers of the city of Seattle and that the installation had been approved by the board of public works. Respondents argue that the two agencies had no authority to erect the sign. The trial court took the matter under advisement and thereafter filed two painstaking memorandum opinions holding, in substance, that the respondents' vehicle, which approached the intersection from the right, had the right of way under RCW 46.60.150 (Laws of 1955, chapter 146, § 3, p. 645), which is as follows:

"Every operator of a vehicle on approaching public highway intersections shall look out for and give right of way to vehicles on his right, simultaneously approaching a given point within the intersection, and whether his vehicle first reaches and enters the intersection or not: *Provided,* That this section shall not apply to operators on arterial highways or to vehicles entering an intersection which is posted with the 'Yield Right of Way' sign."

The trial court was of the opinion that the Yield Right of Way sign in question was but an admonition to motorists approaching that intersection and facing the sign of their duty to yield to traffic approaching the intersection from the right.

■ Respondents argue, and the trial court held, that there was no statutory authority for the erection of the sign at the point in question, and that, under the statute previously noticed, the vehicle approaching the intersection from the right has the right of way by statute and the failure to yield that right of way barred appellants' recovery. In this the trial court was in error.

By the plain terms of the proviso in RCW 46.60.150, the statutory right of way does not apply to an intersection in which a Yield Right of Way sign is posted. The proviso is:

". . . *Provided*, That this section shall not apply to operators on arterial highways or to vehicles entering an intersection which is posted with the 'Yield Right of Way' sign."

Respondents make a strong argument and the trial court held that the installation of the traffic device in question was not sanctioned by law. We do not stop to resolve this issue because the question must be instantaneously decided by a driver confronted with such a sign. The problem was dealt with in *Comfort v. Penner*, 166 Wash. 177, 6 P. (2d) 604. Our conclusions were announced in the following paragraph:

"We do not consider it necessary to determine whether or not § 61 of the traffic ordinance is contrary to the motor vehicle code or the constitutional inhibition above quoted. The stop sign had been maintained and renewed at that intersection since May, 1928. Presumably, it was erected and maintained by legally constituted authority; but whether so or not, is of no particular moment, as it was at least a *de facto* warning sign. Whether it was a *de jure* warning sign or not, is not necessary to determine. It was maintained for the safety of traffic. Travelers upon public highways are not expected to first ascertain and determine whether such signs are established in strict compliance with law, before respecting them."

That case was followed by *Mathias v. Eichelberger*, 182 Wash. 185, 45 P. (2d) 619, and *Wood v. Chicago, Milwaukee, St. Paul & Pac. R. Co.*, 45 Wn. (2d) 601, 277 P. (2d) 345.[2]

It must be presumed that such traffic control device was lawfully placed, or chaotic results would ensue.

The legislature has declared in words that the favored position of the driver approaching from the right in non-arterial intersections does not exist at those intersections where the Yield Right of Way device is installed. The trial court, therefore, erred in sustaining the demurrer.

The judgment is reversed, with costs to the appellant.

HILL, C. J., MALLERY, FINLEY, and HUNTER, JJ., concur.

March 24, 1959. Petition for rehearing denied.

---

[2]Cases in other states reaching similar conclusions are collected in the Annotation, 164 A. L. R. 8, 212-216; 9B Blashfield, Cyclopedia of Automobile Law & Practice (Perm. ed.), 415, 422, § 6041; *Spence v. Carne* (Tenn. App.), 292 S. W. (2d) 438, 447; *Davidson v. Fornicola*, 38 N. J. Super. 365, 118 A. (2d) 838, 844; *Schoenborn v. Broderick*, 202 Ore. 634, 277 P. (2d) 787.

". . . Speed highway signs are for the purpose of advising the driving public and a driver is entitled to rely on their authenticity. He cannot be expected nor required to investigate and determine whether such signs are placed there in the regular course of legal procedure. . . ." *Mitchell v. Emblade*, 80 Ariz. 398, 402, 298 P. (2d) 1034.