[No. 34822. Department Two. February 13, 1959.]

HARMON HANSON, *Appellant*, v. WILLIAM H. ANDERSON, JR., *et al.*, *Respondents.*[1]

[1]Reported in 335 P. (2d) 581.

*Edwin R. Johnson*, for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann*, for respondents.

MALLERY, J.—The plaintiff sued to recover for injuries received March 21, 1957, at about 3:15 p. m., when he was struck by defendants' car in the intersection of Harrison street and Aurora avenue in Seattle. The jury found for the defendants, and the plaintiff appeals.

Aurora avenue is one of the main arterial streets in Seattle. At the place of the accident, it has four lanes for northbound traffic and three lanes for southbound traffic. At its intersection with Harrison street, Aurora avenue has but one pedestrian crosswalk. It is on the south side of Harrison street. On the north side of Harrison street, there are signs posted at shoulder height in the center of what would otherwise be the entrance to a crosswalk, which state "Do Not Cross Here". Underneath this are the words "Use Crosswalk" with an arrow pointing to the crosswalk on the south side of Harrison street. An identical sign is posted on the opposite side of the avenue. They are double faced and can be read from either side.

The appellant wanted to cross Aurora avenue. When he was at the southeast corner of the intersection, he could have crossed on the established crosswalk by simply waiting for the green light. Instead, he crossed Harrison street, which had the green light for the moment. Before he reached the north curb of Harrison street, he noticed the

light had changed to green to cross Aurora avenue. When he was about a foot from the north curb, he turned and started across Aurora avenue. As he was proceeding, there were cars stopped in the inside south-bound lanes, but the west-curb lane was empty. Before he reached the curb lane on the west side of Aurora avenue, the traffic light changed to green for the north-south traffic. Appellant stepped into the west-curb lane and was struck by defendants' car, which was traveling between fifteen and twenty-five miles an hour. Because of the stopped cars, neither party saw the other until the moment of impact.

■ To the obvious conclusion that the appellant was guilty of contributory negligence in crossing Aurora avenue in a prohibited place, he offers two excuses. (1) He contends that the signs were illegal because the Seattle authorities had no right to erect them in derogation of the state's authority. This contention was answered in *Warner v. Ambrose, ante* p. 231, 232 P. (2d) 941, in which we held that a *de facto* warning sign must be obeyed by users of a highway. We said:

"It must be presumed that such traffic control device was lawfully placed, or chaotic results would ensue."

(2) The appellant contends that the signs were so placed that he could not see them, and they did not give him notice that there was no pedestrian crosswalk on the north side of Harrison street.

■ We find no merit in this contention. Even if we assume that he approached Harrison street and turned left across Aurora avenue in a manner which presented the edge of the nearest sign to him until it was behind him, still there was a plainly visible sign across the street, which gave an identical warning that the only crosswalk was on the south side of Harrison street.

■■ Every person using a street must exercise care for his own safety and is charged with notice of the street and highway signs. In *Watson v. Northern Pac. R. Co.,* 37 Wn. (2d) 374, 223 P. (2d) 1057, we said:

". . . We have repeatedly said that one cannot be

heard to say that he did not see that which, without dispute in the evidence, was there to be seen had he looked."

■ The appellant was guilty of contributory negligence as a matter of law, and, hence, the judgment of dismissal must be sustained. For this reason, we do not reach appellant's assignments of error directed to the instructions to the jury.

The judgment is affirmed.

WEAVER, C. J., HILL, ROSELLINI, and OTT, JJ., concur.

[1]Reported in 335 P. (2d) 582.