**Lonnie R. HADAWAY, Appellant,**

v.

**LONE STAR GAS COMPANY, Appellee.**

No. 16289.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 9, 1962.

Rehearing Denied March 9, 1962.

Second Rehearing Denied April 6, 1962.

Turner, White, Atwood, Meer & Francis, and B. Thomas McElroy, Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case and Jack Pew, Jr., Dallas, for appellee.

MASSEY, Chief Justice.

Plaintiff Hadaway sued Lone Star Gas Company for damages for injuries sustained by him and his wife when plaintiff's car struck a ditch in the street which had theretofore been dug by defendant.

The court rendered judgment for defendant upon jury findings that plaintiff's failure to keep a proper lookout was a proximate cause of the accident.

The plaintiff contends that the findings were so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

The accident happened on a Sunday. Several days prior thereto defendant, for the purpose of repairing a gas leak, had excavated an opening at the intersection of Pat and Aledo Streets approximately 2 feet wide and 11 feet long. Barricades

were erected. The hole or ditch was refilled to street level and tamped down, but the surface was not repaved. The barricades were removed prior to the Sunday in question. The ditch extended into Pat Street, along which plaintiff was driving, about 6 feet. After the ditch was refilled considerable rain fell and water covered the area surrounding and including the ditch or hole. Plaintiff had observed the work in progress, and saw the barricades as late as the preceding Thursday. He lived approximately a block from the intersection.

. Plaintiff testified that around 6:30 P. M. Sunday he and his wife were driving east on Pat Street to reach their home. It was dark and misting. He was looking straight ahead. As he "came around the curve, I saw a car coming down Pat, and slow up to go through the intersection on the right hand side, and when I did, I ran in the hole." The ditch was covered with water. Other evidence showed the top of the fill-in at the time of the accident to be 4 or 5 inches below street level.

■ The jury was properly instructed that proper lookout meant such a lookout as a person of ordinary care and prudence would have kept under the same or similar circumstances.

■ Ordinarily, proper lookout is a question for the jury. Texas & Pac. Ry. Co. v. Day, 1946, 145 Tex. 277, 197 S.W.2d 332.

On the other hand, there is neither a legal nor a moral obligation to guard against that which cannot be foreseen in the light of common or ordinary experience, and under such circumstances the duty of foresight should not be arbitrarily imputed. City of Dallas v. Maxwell, 1923 (Tex.Com.App.), 248 S.W. 667, 27 A.L.R. 927. See also 38 Am.Jur., p. 860, "Negligence", § 184 "Knowledge and Appreciation of Peril—Generally", and § 191 beginning on p. 868, "Exercise of Senses and Intelligence".

■ It is a well-established general rule that persons using a public way which is in constant use, and when their attention has not been called to any obstructions or perils thereon, have a right to assume, and to act on the assumption, that the way is reasonably safe for ordinary travel, though the rule operates with full force only so long as the travel is within or upon that portion of the way which is intended for general use by the class of traffic for which it is provided. 25 Am.Jur., p. 749 et seq., "Highways", § 461 "Assumption of Safety of Way".

■ Of course, a traveler is chargeable with knowledge of all dangers which should be discovered by the exercise of reasonable care and one having actual knowledge of a defect cannot complain of the want of warning notices. Knowledge of the existence of a defect or obstruction at some previous time does not necessarily charge a traveler with notice of its existence at the time of injury, if the circumstances are such as to afford a reasonable ground for supposing that it had been removed or remedied in the meantime. 25 Am.Jur., p. 752 "Highways", § 462 "Knowledge or Notice of Danger—Necessity and Sufficiency". See also 37 A.L.R., p. 587, Annotation "Duty of driver of automobile whose view is obscured by dust, smoke, or atmospheric conditions", division III on p. 591, "Contributory negligence", supplemented in 73 A.L.R. 1026. See also Restatement of the Law, Torts, p. 762 "Negligence", § 289 "When the Actor Should Recognize the Existence of Risk".

■ Plaintiff founds no point of error upon the proposition of "no evidence", and confines himself to desiring a remand of the cause for another trial on the theory that the affirmative jury finding of contributory negligence was against the great weight and preponderance of the evidence. We believe the point of error should be sustained. In so concluding we hold that the circumstances confronting plaintiff at the time of the accident were such as afforded reasonable

ground for his belief that the defect in the street, occasioned by the opening of the ditch, had been properly remedied—or in any event that the evidence adduced on trial was not sufficient to so overcome the original presumption of plaintiff's non-negligence in respect to lookout that a judgment for defendant could be founded thereupon.

Judgment is reversed and the cause remanded for a new trial.

## ON MOTION FOR REHEARING

■ Appellee has filed its motion praying that we set aside our judgment of remand and render judgment against it in the amount found by the jury as appellant's damages. In other words appellee now desires to pay the damages so found and confesses liability to appellant in said amount.

Appellant protests and resists the motion of appellee. Obviously the appellant hopes to obtain a finding on damages, upon the occasion of another trial, which will be greater than the amount formerly found.

In connection with its motion appellee directs our attention to parts of the record which were immaterial to our examination and analysis in passing upon the point of error presented in the briefs. For example, appellee points out that appellant filed a motion in the trial court to disregard the jury findings upon contributory negligence and to render judgment in his behalf in the amount found by the jury. Appellant made the trial court's refusal to so render a judgment non obstante veredicto an assignment of error in his motion for new trial, but not of any point of error in this court.

In 4 Tex.Jur.2d, p. 539 "Appeal and Error—Civil", sec. 924, "Rendition on con-

fession of error", (3–B Tex.Jur., p. 634, sec. 1029), cases are cited where appellate courts have withdrawn orders remanding causes for new trial upon confessions of liability, etc. made in motions for rehearing which sought rendition rather than remand, and rendered judgments in accordance with appellees' prayers. In most of these cases both parties to litigation have sought rendition rather than remand, although in Warnack v. Conner, 1934 (Tex.Civ.App., El Paso), 74 S.W.2d 719, it was only the appellee who moved for rendition. In such case the appellant filed no objection to the request. In the instant case appellant is found protesting and strenuously objecting to any action of the court other than to overrule appellee's motion for rehearing.

Foundation for our action of reversing and remanding the judgment of the lower court in the instant case has been our "unfinding" the "finding" of the jury on the matter of appellant's contributory negligence. Based upon said "finding" the court had rendered judgment against him.

In none of the cases to which we are cited does it appear that the parties were adversaries upon the action requested. Here the contrary is true. Although propriety of the accommodating action of the courts in the cited cases is not to be doubted, in view of the fact that such action was either taken upon joint request or under circumstances where consent was to be inferred, we do not believe that a refusal of such accommodation would have necessarily constituted reversible error.

We are uncertain that to grant appellee's request would be to do justice. We feel certain that denial of the appellee's request could not amount to error. It is denied.

Motion for rehearing is overruled.