384 P.2d 695

James N. CURD, Plaintiff-Appellee,

v.

H. B. ZACHRY COMPANY, Defendant-Appellant.

No. 7005.

Supreme Court of New Mexico.

Aug. 19, 1963.

Richard A. Stanley, Shipley, Seller & Whorton, Alamogordo, for appellant.

George L. Zimmerman, Alamogordo, for appellee.

CARMODY, Justice.

Defendant (who is the appellant here) seeks a reversal of the judgment awarded in favor of the plaintiff below by reason of injuries grounded on negligence.

The facts found by the trial court are not controverted by the parties, and we recog-

nize them to be the facts on the appeal, even though a great many of them are evidentiary as distinguished from ultimate findings of fact. The trial court adopted, as its own, all of the plaintiff's requested findings and, in addition, some twenty-five out of thirty-three of the defendant's requests, with no apparent effort to make its own independent ultimate findings. We are thus faced with some forty so-called findings of fact, which are in no real coherent order but which we will attempt to summarize and thereby make intelligible.

The defendant, a road contractor, was reconstructing what was formerly a state highway, under a contract with the United States Corps of Engineers. The road was within the exclusive jurisdiction of the United States, for the use of military personnel only, as a part of White Sands Missile Range. In the process of doing the work, the defendant was dumping base course material on the northern edge of the road, preparatory to spreading the same during construction. This material was piled some three feet high, five feet wide, and extended for several hundred feet in length. However, there remained ample room on the road for two-way traffic. As the work progressed, new material would be dumped at one end of the continuing pile, while the spreading and processing was going on at the other end. The work had been proceeding on the reconstruction for some months. Several miles to the east of the windrows of material, the defendant had placed a sign warning of the construction; and approximately half a mile from each end of the piles of base material the defendant had a four-foot square sign, stating, "Road Construction Ahead— Ten Miles an Hour."

On the day in question, the plaintiff, an army enlisted man, was ordered to drive a five-ton army wrecker to a location which necessitated the use of the highway under construction and past the area where the windrows were piled. He knew, or should have known, that the defendant was depositing the material on the edge of the road, having averaged two or three trips per week over the road while the construction progressed. On this day, the plaintiff failed to see the "10 Miles Per Hour" sign, and just before the accident his vision was obscured by a combination of dust and the sun shining directly into his eyes. As a result, at about 5:10 p. m., after the defendant had ceased work for the day, the wrecker struck the piled material, severely damaging the vehicle and causing the injuries to the plaintiff. The wrecker turned over and rolled, or slid, for a distance of approximately 200 feet.

The above are the basic facts as found by the court, except for the one additional finding which stated:

"3. That the defendant failed to provide any barrier, obstruction,

warning signs or devices, lamps or reflectors, watchman or signalman, upon or near said roadway where the defendant had placed a large quantity of dirt."

Based upon all the findings, the court concluded that the negligence of the defendant was the proximate cause of plaintiff's injuries, and awarded damages therefor. Defendant asserts that the conclusion of negligence is not justified under the facts as found.

It is beyond question that, absent finding No. 3, there is nothing whatsoever in the findings upon which the decision could rest. We observe that there is a possible conflict between finding No. 3 and the finding with respect to the sign located approximately half a mile from the place of the accident. As we view finding No. 3, however, its meaning is that there was no type of warning at the *immediate* location where the accident occurred. This is the only reasonable meaning that can be given to the finding, considering it in the light of the other findings made by the court with reference to warning signs.

Thus, we are squarely faced with the query whether, under the circumstances here existing, the defendant was negligent in failing to so provide. It might be questioned whether, even if the defendant had provided a barrier or additional signs, it would have prevented the accident, in view

of the court's finding that the plaintiff's vision was obscured by the combination of the sun and dust. It is also to be noted that the plaintiff had knowledge of the conditions, because of his experience in driving the road, and we wonder whether the proximate cause of the accident might not be attributable to negligent failure on the part of the plaintiff. See Hadaway v. Lone Star Gas Co. (Tex.Civ.App.1962), 355 S.W. 2d 590, where the court observed that "one having actual knowledge of a defect [in a roadway] cannot complain of the want of warning notices." Without expressing any opinion thereon, we also wonder whether a five-ton vehicle, such as was driven by the plaintiff, would have slid some 200 feet following the impact, if it had been driven within the posted limit of ten miles per hour. We further take cognizance of the fact that the questioned finding refers to "lamps or reflectors," although what purpose they might have served in broad daylight we are unable to comprehend. See Myers v. Sanders, 1940, 189 Miss. 198, 194 So. 300.

The law requires protection and warnings for the unwary—not for those who have knowledge of a dangerous condition and choose to ignore the ordinary precautions necessary to protect themselves. Hadaway v. Lone Star Gas Co., supra; Hanson v. Anderson, 1959, 53 Wash.2d 601, 335 P.2d 581; 2 Restatement of Torts, §§ 340, 341, 342 (1934). In the instant

**430**

case, in our opinion, the defendant's posting of signs was a sufficient fulfillment of its duty to warn those who might not know the conditions of the road, and we fail to perceive why a higher duty should be required to one such as the plaintiff, who was on the premises with notice of the potentially dangerous condition. Compare Commonwealth v. Young, (Ky.1962), 354 S.W. 2d 23.

The findings of the trial court do not justify a conclusion of negligence on the part of the defendant. In fact, although we do not reach the question, there is serious doubt whether the plaintiff himself was free from contributory negligence which was the proximate cause of, or contributed to, the accident, cf. Teeter v. Miller, Smith & Jones, 1959, 66 N.M. 49, 342 P.2d 864, or that he did not himself voluntarily assume a known risk, cf. Rosier v. State (La.App.1951), 50 So.2d 31.

Our determination makes it unnecessary to pass upon the other questions raised by the defendant, and, of course, disposes of plaintiff's cross-appeal which relates to the amount of damages.

The judgment will be reversed and remanded to the trial court with directions to dismiss the complaint with prejudice.

It Is So Ordered.

COMPTON, C. J., and NOBLE, J., concur.