[No. 457-3.    Division Three.    July 10, 1972.]

JOSEPH A. BERENDT *et al., Appellants,* v. HARLAN F. YOUNG *et al., Respondents.*

*Edmund T. Brigham* (of *Brigham & Brigham*), for appellants.

*Curtis L. Shoemaker* (of *Paine, Lowe, Coffin, Herman & O'Kelly*), for respondents Young.

*Henry E. Stiles, II* (of *MacGillivray, Jones, Clarke, Schiffner & Johnson*), for respondent County of Pend Oreille.

GREEN, J.—On October 9, 1969, at about 10:30 p.m., defendants Harlan F. Young and his wife, Marjorie, while driving northerly on state Highway 31 toward Cusick, struck a black angus bull owned by the plaintiffs, Joseph and Margery Berendt. The bull was so severely injured it had to be killed. Plaintiffs brought this action to recover damages for the loss of the bull due to the defendants' alleged negligence. Defendants denied the charge of negligence, alleged that plaintiffs were contributorially negligent in allowing the bull to roam on the highway, alleged that in such circumstances plaintiffs assumed the risk of harm to the bull and counterclaimed for damage to defendants' car based upon plaintiffs' alleged negligence. Defendants also filed a third-party complaint against Pend Oreille County for indemnity. Following a trial to the court, judgment was entered upon defendants' counterclaim for $955.08, and the plaintiffs' complaint and defendants'

third-party complaint were dismissed with prejudice. Plaintiffs appeal.

The issues raised on appeal involve the correctness of the court's (1) findings that the accident occurred within a stock restricted area; (2) findings that plaintiffs were negligent and defendants were not negligent; (3) certain conclusions of law; and (4) the admission of certain testimony and exhibits.

First, plaintiffs contend the trial court erroneously found the accident to have occurred within a stock restricted area, namely, the Cusick herd district. Underlying this contention is the claim that the Cusick herd district was never validly formed. Plaintiffs concede in their brief that when the Pend Oreille County Commissioners determined to create the Cusick herd district in 1915, they mechanically complied with the law then in effect, Laws of 1911, ch. 25. However, plaintiffs contend the description was fatally defective because the point of beginning was not specifically defined. In 1940, this matter was brought to the commissioners' attention and they attempted to correct the description. Plaintiffs contend this attempt failed because there was no proof offered that the resolution changing the description was ever published as required by then existing law. Laws of 1937, ch. 40. For these reasons, plaintiffs argue the accident did not happen in a stock restricted area and thus the law applicable in such areas did not apply to plaintiffs. In the circumstances of the instant case, we find it unnecessary to determine whether the Cusick herd district was validly created.

Plaintiff Joseph Berendt was a member of the Board of Commissioners for Pend Oreille County and resided within the intended Cusick herd district. On July 12, 1965 in response to a request from the district traffic engineer for the State Highway Commission, he signed a letter along with the other two commissioners enclosing a map upon which all of the herd districts in Pend Oreille County were outlined. Clearly shown on such map was the Cusick herd district. In 1967, the district traffic engineer wrote the

Board of County Commissioners enclosing a map showing the existing herd districts as reflected by the commissioners' letter of July 12, 1965 and asked whether there were any additions or deletions to be made to this map. None were transmitted to the traffic engineer. The map submitted by the county commissioners to the traffic engineer reflected that the Usk herd district adjoined the Cusick herd district on the south. The trial court found that the State Highway Department placed a sign on the right side of state Highway 31 at the southern terminus of the Usk herd district for northbound travelers which read "Leaving range area", and on the right side of the highway for southbound travelers a sign which read "Range area. Watch out for livestock." The court also found that at the northern terminus of the Cusick herd district a sign was placed on the right side of the road for northbound travelers which read "Range area. Watch out for livestock.", and on the right side of the road for southbound travelers a sign which read "Leaving range area." It is clear from this evidence that the county commissioners, including plaintiff Joseph Berendt, as well as the State Highway Department, regarded the area where the accident occurred as a stock restricted area.

The trial court, while it did find that the procedures and descriptions creating the Cusick herd district were adequate, concluded that, irrespective of the validity of the procedure creating the district, the range area signs controlled the question of negligence and contributory negligence as between the plaintiffs and defendants, and for purposes of this lawsuit it must be presumed that these signs were lawfully placed. With this conclusion we agree.

■■■■ Under the law of this state, a sign, lawful in form, erected without authority of law is a de facto sign and has the same legal effect, in all essential respects, as a de jure sign. *Radosevich v. County Commissioners*, 3 Wn. App. 602, 607, 476 P.2d 705 (1970); *Mazon v. Druxman*, 68 Wn.2d 701, 415 P.2d 86 (1966); *Hanson v. Anderson*, 53 Wn.2d 601, 335 P.2d 581 (1959); *Warner v. Ambrose*, 53

Wn.2d 231, 332 P.2d 941 (1958); *Comfort v. Penner,* 166 Wash. 177, 6 P.2d 604 (1932). In the instant case, signs were posted indicating the existence of a stock restricted area. Travelers upon the highway, including defendants, were entitled to rely upon those signs. One of plaintiffs was a member of the board that sought to maintain the existence of the Cusick herd district. In these circumstances, plaintiffs cannot validly contend that such a district does not exist for the purposes of this case and that the standard of care associated therewith cannot be applied to them.

■■ Second, plaintiffs urge that even if the trial court properly found the accident occurred in a stock restricted area, it erroneously found that the plaintiffs were negligent in allowing the bull to be at large. It is undisputed that while plaintiffs were moving their cattle from a forest service range area to other property, the bull escaped back into the range land. Plaintiffs left the gate on the fence to the range area open so the bull might find his way home down state Highway 31 within the area designated by the county commissioners as the Cusick herd district. RCW 16.24.010 provides that it shall be unlawful to permit livestock of any kind to run at large in a stock restricted area. It is further provided in RCW 16.24.065 that it shall be unlawful for any person to willfully or negligently permit livestock to run at large in a stock restricted area and, that no person shall allow livestock to wander or stray upon the right-of-way of any public highway lying within a stock restricted area when not in the charge of some person. In construing these statutes, the court in *Scanlan v. Smith,* 66 Wn.2d 601, 604, 404 P.2d 776 (1965), said:

> The presence of the defendants' livestock on the highway was sufficient to raise a permissible inference of negligence which would take the plaintiffs' case to the jury, and the burden was then on the defendants to go forward with any evidence that they might have in explanation of the presence of their livestock on the highway and to establish that ordinary and reasonable care had been exercised, under the circumstances, to prevent the livestock getting on the highway. Whether the evidence they of-

fered for that purpose was sufficient to satisfy a jury, only the jury could decide.

See also Hampton v. Carlson, 6 Wn. App. 390, 492 P.2d 1385 (1972); Consolidated Dairy Prods. Co. v. McDonald, 71 Wn.2d 153, 426 P.2d 978 (1967). We find there was substantial evidence to support the trial court's finding of negligence on the part of the plaintiffs and that finding will not be disturbed. Thorndike v. Hesperian Orchards, Inc., 54 Wn.2d 570, 343 P.2d 183 (1959).

■ Third, error is assigned to the court's finding that defendant was not negligent. In support of this position, it is contended that defendant Harlan Young was negligently driving with his lights on low beam, when they should have been on high beam, thus preventing him from observing the plaintiffs' bull on the highway in time to avoid the collision. We disagree. Defendant testified he was driving at a speed of about 40 miles per hour with his lights on low beam behind a dark colored Rambler automobile that was a block or two ahead of him; he did not see the black bull until it was within 50 feet of him; he immediately applied his brakes but could not avoid striking the animal. Plaintiffs assert that RCW 46.37.230 requires the following driver to have his lights on low beam when within 300 feet of the car ahead. It is contended there is an obverse inference from this statute that at all other times the lights must be on high beam. Assuming arguendo that plaintiffs are correct, the testimony shows the defendant was driving within an estimated 300 to 600 feet behind the car ahead with his lights on low beam and that this distance varied. We do not believe it was unreasonable for defendants' lights to remain on low beam within 300 to 600 feet of the car ahead. Considering all the circumstances, we find there is substantial evidence to support the trial court's finding that defendants were not negligent.

Fourth, it is contended the court erred in permitting the county engineer to outline the Usk herd district on exhibit 1 because there is no evidence that such district had been formed. We find no error. The Usk herd district is clearly

delineated on the map transmitted by the board of commissioners to the traffic engineer and admitted as exhibit 8 in the proceedings.

Finally, we find no error in the admission of photographs taken subsequent to the accident of the signs posted by the State Highway Department, since there was other testimony that the signs were in existence at the time of the accident.

·Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.