**REVERSE and RENDER; and Opinion Filed August 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00385-CV

### EVER CONSTRUCTION CORP & JASON KANG, Appellant
### V.
### SUNG SU, Appellee

**On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-10-05012-A**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Moseley, and Justice Richter[1]
Opinion by Justice Richter

Ever Construction Corp and Jason Kang appeal from the trial court's judgment awarding damages to Sung Su for negligence and fraud. Following a bench trial, the trial court awarded Su $35,000 in actual damages together with prejudgment and post-judgment interest. On appeal, Ever Construction and Kang argue that the evidence was legally and factually insufficient to establish one or more of the elements of negligence and fraud. We agree and, accordingly, reverse the trial court's judgment and render judgment that Su take nothing.

### I. FACTUAL AND PROCEDURAL CONTEXT

The facts and issues are well known to the parties, so we will discuss them only as necessary for the disposition of the issues presented by this appeal. The following facts were

---

[1] The Hon. Martin Richter, Justice, Assigned

established at trial. Over a four month period beginning in June 2009, Jason Kang signed three checks made out to "SK Plumbing" and three checks made out to "Seoul Electric" in varying amounts totaling $35,000. The checks were drawn on the business bank account of Ever Construction Company. These six checks came into the hands of Kwan Sup Choi, who was not a party to the case. Although Choi was not the named payee on the checks, Choi took the six checks to Lee's Check Cashing, a business owned by plaintiff Sung Su, and presented them for payment. Su's wife, Lee Su, cashed the checks and gave Choi the funds. At the time she cashed the checks to SK Plumbing and Seoul Electric, Lee Su contacted Kang and she verified Kang's signature on the checks. Lee Su also testified she told Kang that Choi was "coming to the store and cashing numerous checks" and Kang responded, "no objections, no problems."[2] She did not, however, verify whether or not Choi was an owner of either of the businesses to whom the checks were made out. She did not independently determine whether Choi was otherwise authorized to cash checks on their behalf, nor did she ask Kang whether Choi was authorized to cash checks from the Ever Construction account made out to SK Plumbing or Seoul Electric.

In October 2009, months after the first of the checks was cashed, Kang learned that SK Plumbing and Seoul Electric had not received payment. Choi disappeared. Kang notified his bank that the endorsements on the checks he had previously written to SK Plumbing and Seoul Electric had been forged and the funds paid on those checks were restored by the bank to the Ever Construction bank account at the expense of Lee's Check Cashing.

Su then filed suit against Ever Construction. The case proceeded to trial on theories of common law negligence and fraud. Following a bench trial, the trial court awarded Su $35,000 in actual damages for negligence and fraud, together with prejudgment and post-judgment interest.

---

[2] The six checks at issue were cashed over a period from June through September. It is unclear from the evidence whether Lee Su claimed to have engaged in exactly the same discussion with Kang when each check was presented.

## II. NEGLIGENCE

In their first point of error, Kang and Ever Construction argue the trial court erred in rendering judgment for Su on his negligence cause of action because the legal duty alleged by Su does not exist, and because there was legally and factually insufficient evidence of one or more elements of a cause of action for negligence. We agree. Without deciding whether Su's common law negligence claims were displaced by the Texas Business and Commerce Code, we conclude Su failed to establish the existence of a duty by Kang and Ever Construction to Su.[3]

The existence of a legal duty is a question of law we review de novo. *Alcoa, Inc. v. Behringer*, 235 S.W.3d 456, 460 (Tex. App.—Dallas 2007, pet. denied). "Common law negligence rests primarily upon the existence of reasons to anticipate injury and the failure to perform the duty arising on account of that anticipation." *Way v. Boy Scouts of Am.*, 856 S.W.2d 230, 234 (Tex. App.—Dallas 1993, writ denied) (citing *Wal–Mart Stores, Inc. v. Tamez*, 960 S.W.2d 125, 127 (Tex. App.—Corpus Christi 1997, pet. denied)). A common law cause of action for negligence has three elements: (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998); *Way*, 856 S.W.2d at 233. A duty represents a legally enforceable obligation to conform to a particular standard of conduct. W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 53, at 356 (5th ed. 1984). The existence of a duty is a threshold question of law for the court. *Way*, 856 S.W.2d at 233. If a duty does not exist, the question whether liability can be imposed ends. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998).

---

[3] The Texas Uniform Commercial Code provides that "[u]nless displaced by the particular provisions of this title, the principles of law and equity ... shall supplement its provisions." Tex. Bus. & Com.Code Ann. § 1.103 (West 2009). However, common-law claims may only exist to the extent they do not conflict with Texas Uniform Commercial Code provisions. *See Bryan v. Citizens Nat'l Bank*, 628 S.W.2d 761, 764 (Tex. 1982); *Signal Oil & Gas Co. v. Universal Oil Prods.*, 572 S.W.2d 320, 330 (Tex. 1978); *Mazon Associates, Inc. v. Comerica Bank*, 195 S.W.3d 800, 804-05 (Tex. App.—Dallas 2006, no pet.); *Miller-Rogaska, Inc. v. Bank One, Texas, N.A.*, 931 S.W.2d 655, 662 (Tex. App.—Dallas 1996, no writ).

"There is neither a legal nor a moral obligation to guard against that which cannot be foreseen in the light of common or ordinary experience*." J.R. Beadel & Co. v. De La Garza*, 690 S.W.2d 71, 73 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) (quoting *Hadaway v. Lone Star Gas Co.*, 355 S.W.2d 590, 592 (Tex. Civ. App.—Fort Worth 1962, no writ)). When deciding whether a common law duty exists, foreseeability and the likelihood of risk are paramount considerations. *Robinson v. Nat'l Autotech, Inc.*, 117 S.W.3d 37, 42 (Tex. App.—Dallas 2003, pet. denied). The test for foreseeability is "what one should under the circumstances reasonably anticipate as consequences of his conduct." *McCullough v. Amstar Corp.*, 833 S.W.2d 312, 315 (Tex. App.–Amarillo 1992, no writ) (quoting *City of Dallas v. Maxwell*, 248 S.W. 667, 670 (Tex. Comm'n App. 1923, holding approved)). Foreseeability is determined by what the actor knew or should have known at the time of the alleged negligence, not by what hindsight suggests would have been a prudent course of action given the outcome of the events at issue. *Timberwalk Apts. v. Cain*, 972 S.W.2d 749, 757 (Tex. 1998).

Because foreseeability is the "central question" and the "foremost and dominant consideration" in a legal duty analysis, the other factors relevant to establishing a duty—the risk, the likelihood of injury, the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant— cannot, as a matter of law, outweigh a complete lack of foreseeability. *Behringer*, 235 S.W.3d at 462. Thus, we turn first to the question whether Kang and Ever Construction should have foreseen that Choi would obtain and attempt to cash the checks written on the Ever Construction account to SK Plumbing and Seoul Electric.

Appellee has not cited, and the Court has not found, any support for the notion that a business has a general duty to ensure that the checks it writes are only presented to third parties for payment by persons who are authorized to cash those checks. We decline to find such a duty.

–4–

Moreover, to the extent Su claims that under the specific circumstances of this case Ever Construction or Kang should have foreseen that Choi might attempt to cash the checks and should have taken measures to avoid such an outcome, there is no evidence in the record to suggest that Ever Construction had any reason for believing that Choi would come to possess the checks or that he would try to cash them for his own benefit.

The checks in this case were presented to a check cashing business that had established procedures, which were not followed in this case, to ensure that the persons who present checks for payment are authorized to cash the checks they present. There was no evidence of prior problems with Choi or any other improper parties attempting to cash Ever Construction's checks for their own benefit and nothing in the record to raise a reasonable person's suspicions that the checks written on the Ever Construction account to SK Plumbing and Seoul Electric were likely to be presented for payment by a person not properly authorized by the payee to cash the checks. Thus, there are no circumstances suggesting that Kang and Ever Construction had a special duty to Su in this case.

Su also argues that the omission of the designation, "Inc." and "LLC" on the payee line of the checks was a negligent action on Kang and Ever Construction's part. There was no evidence at trial that if the checks had been written to "SK Plumbing, Inc." and "Seoul Electric LLC" rather than to "SK Plumbing" and Seoul Electric" Lee Su would have demanded proof that Choi was authorized to present the checks. Absent such evidence, Kang's failure to include the "Inc." and "LLC" designations on the payee lines of the checks could not have been a foreseeable cause of loss to Su.

Because there was no basis for concluding that Kang and Ever Construction owed any duty to Su to ensure that the checks were presented for payment only by persons authorized by SK Plumbing, Inc. and Seoul Electric LLC and because there is also no evidence that Lee Su

would have acted differently had the payee line of the check included the full legal name of the entity to which the checks were written, the trial court erred in concluding that Kang and Ever Construction were negligent. We sustain Kang and Ever Construction's first issue.

### III. FRAUD

In their second point of error, Kang and Ever Construction contend the trial court erred in rendering judgment for Su on his fraud cause of action because there was legally and factually insufficient evidence on one or more of the elements of fraud. Findings of fact made after a bench trial have the same force and effect as jury findings. *Jamison v. Allen*, 377 S.W.3d 819, 823 (Tex. App.—Dallas 2012, no pet.). The applicable standard of review is also the same as that applied in the review of jury findings. *Id.* Where there is a reporter's record, as in this case, findings of fact are not conclusive on appeal if the contrary is established as a matter of law or if there is no evidence to support the findings. *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, pet. denied).

In reviewing the legal sufficiency of the evidence to support a trial court's finding, we must determine whether the evidence would enable reasonable and fair-minded people to reach the finding under review. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005). We consider the evidence in the light most favorable to the court's finding and indulge every reasonable inference that supports it. *Id.* at 822. We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* When there is a complete absence of a vital fact, or the evidence of a vital fact is no more than a scintilla, the evidence is legally insufficient. *Id.* at 810. In claims or defenses supported only by "meager circumstantial evidence," the evidence does not rise above a scintilla and thus is legally insufficient if a fact finder would have to guess whether a vital fact exists. *Id.* at 813. When evidence is so weak as to do no more than create a surmise or suspicion of the matter to be

proved, the evidence is "no more than a scintilla and, in legal effect, is no evidence." *Guevara v. Ferrer*, 247 S.W.3d 662, 668 (Tex. 2007) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)).

In seeking to support the trial court's finding of fraud, Su points to Kang's conduct surrounding the writing and cashing of the checks and his conduct in procuring the affidavits that caused the bank to restore the misappropriated funds to his bank account. A plaintiff seeking to prevail on a fraud claim must prove that (1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.,* 348 S.W.3d 194, 217 (Tex. 2011).

Although it was undisputed that Kang wrote the checks at issue, there is no evidence that Kang ever intended Choi, rather than the named payees, to cash the checks, nor is there evidence that Lee Su relied on any material representation by Kang or Ever Construction in cashing the checks. Although Lee Su did testify she believed Choi was the owner of SK Plumbing and Seoul Electric, there was no evidence offered at trial that she ever discussed the subject of the ownership of SK Plumbing and Seoul Electric with Kang. Neither Kang's verification to Lee Su that he signed the checks nor his statement that there were "no objections, no problems" with Choi "coming to the store and cashing numerous checks" amounted to a representation to Lee Su that Choi was the owner of SK Plumbing and Seoul Electric or that Choi was somehow otherwise entitled to cash checks made out to those entities.

The testimony of the owner of SK Plumbing, Inc. that his signature on the bank affidavits was forged also cannot form the basis of a finding that Kang and Ever Construction committed

fraud against Su. The evidence at trial did not show that Kang forged the signature of SK Plumbing's owner. At best, the evidence at trial established that the owner of SK Plumbing was suspicious that Kang forged his signature, which is merely a scintilla of evidence. *City of Keller*, 168 S.W.3d at 813; *Guevara*, 247 S.W.3d at 668. Additionally, even if the evidence at trial had established that the signature of SK Plumbing's owner on the affidavits was forged, there is no evidence that the bank relied on that signature in determining that it must restore the money to Ever Construction's account. In fact, there is no evidence whatsoever to show why the bank restored the funds to Ever Construction's account. Kang's signature was also on the affidavits and could have served as the basis for restoring the funds to Ever Construction's account.

After reviewing the evidence in the light most favorable to the trial court's finding of fraud and indulging every reasonable inference that supports it, we conclude the trial court erred in rendering judgment in favor of Su on his fraud cause of action because there was legally insufficient evidence to support the claim. We sustain Kang and Ever Construction's second issue.

## IV. CONCLUSION

Given our resolution of the two issues above, it is unnecessary to address Kang and Ever Construction's remaining issues. Having sustained Kang and Ever Construction's first and second issues, we reverse the judgment of the trial court and render judgment that Su take nothing.

/Martin Richter/
MARTIN RICHTER
JUSTICE, ASSIGNED

130385F.P05

–8–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EVER CONSTRUCTION CORP & JASON KANG, Appellant

No. 05-13-00385-CV     V.

SUNG SU, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-10-05012-A.
Opinion delivered by Justice Richter. Chief Justice Wright and Justice Moseley participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:
Appellee SUNG SU take nothing.

It is **ORDERED** that appellant EVER CONSTRUCTION CORP & JASON KANG recover their costs of this appeal from appellee SUNG SU.

Judgment entered this 12th day of August, 2014.