## CAVANAUGH v. ATCHISON, T. & S. F. RY. CO.

Civ. A. No. 7325.

United States District Court
W. D. Missouri, W. D.

March 14, 1952.

Henry A. Riederer, Kansas City, Mo., for plaintiff.

Lathrop, Woodson, Righter, Blackwell & Parker, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Conformable to provisions of Section 1446, Title 28 U.S.C.A. the defendant filed its petition and bond for removal in the above cause on January 18th last. The amount in controversy as disclosed by a copy of the petition submitted shows $10,-000, and there being a diversity of citizenship, this was adequate to confer jurisdiction upon this court.

The record further shows that on the same date, to wit, January 18, 1952, counsel for defendant was served with notice of the filing of petition and bond for removal. And on the same date counsel for plaintiff appeared in the State court and amended his complaint by reducing the amount in controversy to $3,000.

Section 1332, Title 28 U.S.C.A. confers jurisdiction upon the district courts "of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs * * *." It would appear that this court, therefore, would be without jurisdiction unless the amendment was made after removal was effected.

Adverting to paragraph (e) of said section 1446, Title 28 U.S.C.A., the following procedure is outlined: "Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, *which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.*" (Emphasis mine.)

Apparently a copy of the petition for removal had not been filed with the State court before the plaintiff obtained an order amending his petition. In such event the State court had jurisdiction and was not forbidden by the statute as it would have been had a copy of the petition for removal already been filed. It is presumed that the State court was not only familiar with the law but observed the law, and since it had a right to permit an amendment of the complaint reducing the amount in controversy below the jurisdiction of this court, it would follow that this court has no jurisdiction of the subject matter and the cause should be remanded.