**Edward V. McGOLDRICK, Plaintiff,**

v.

**ICS SALES AND LEASING, INC., Defendant.**

**No. 76 C 753.**

United States District Court, E. D. New York.

May 13, 1976.

MEMORANDUM and ORDER

DOOLING, District Judge.

Plaintiff sued defendant for commissions and expense reimbursement in Nassau County Supreme Court on or about March 31, 1976. On April 21, 1976, defendant served an answer in the Nassau County Court and filed it in that Court on April 22, 1976.

1. On April 23, 1976, at 2:14 p. m., defendant filed in this Court a removal petition and bond and mailed copies of them and of a removal notice to plaintiff's attorney and to the Clerk of Nassau County, which they received sometime on April 26, 1976 (a Monday).

Meanwhile, on April 22, 1976, Mr. Justice Bertram ·Harnett had signed a court order of attachment (C.P.L.R. § 6211) which, judging by the copies defendant has produced, was dated by the Clerk of Special Term, Part II, of Nassau County Supreme Court April 22, 1976, and was date stamped as "granted" by the County Clerk on April 23, 1976. Those acts evidently completed the granting of the order of attachment under Section 6211. The Order of Attachment was delivered to the Sheriff of the County of New York at 4:52 p. m. on April 23, 1976. Under the language of 28 U.S.C. § 1446(e) removal of the case had not yet taken effect: it did not take effect until defendant filed a copy of the removal petition with the Nassau County Clerk (as Clerk of the Nassau County Supreme Court), and that did not occur until April 26, 1976.

It is in general true that under Rule 2220(a) an order determining a motion must be entered and filed in the office of the clerk of the Court where the action is triable. However, an order of attachment must be filed, "Within ten days after the granting of an order of attachment." C.P. L.R. § 6212(c). If not so filed, however, those who have meanwhile acted in reliance upon its validity are protected even though no order extending the filing date has been made. The special needs of the attachment situation, thus, are dealt with quite outside

John B. Amrod, New York City, for plaintiff.

James B. Zane, New York City (Zane & Zane, New York City, of counsel), for defendant.

the Rule 2220(a) context and appear to moot arguments based on "entry". The attachment order is valid and effective when granted—not when "entered", if ever it is, strictly, "entered" rather than "filed" —and its validity continues provided it is filed within ten days after the granting of the order of attachment, or such longer period as the Court orders.

The order of attachment and the issuance of the order to the Sheriff were, therefore, lawful, regular and appropriate (see F.R. C.P. 64) and perforce of 28 U.S.C. §§ 1448, 1450 remain in full force and effect. No doubt there should now be a transfer of custody of any property that the sheriff levied upon to the marshall, but there may well be questions of fees to be resolved, and, if there is tangible property under levy, questions of safe-keeping costs and means. It can hardly matter that the sheriff proceeded to levy in ignorance of the removal and made his levy or levies some time during the very day on which the removal had, unknown to him, become effective.

■ 2. Defendant must make a showing to be entitled to relief under C.P.L.R. § 6223, and the defendant's papers make no showing clear or strong enough to support a finding that the attachment is unnecessary to the security of the plaintiff.

■ 3. Defendant challenges the attachment statute on the ground that it denies equal protection to foreign corporations authorized to do business in New York. The authority cited (7–A Weinstein-Korn-Miller, New York Civil Practice, § 6201.08) does not express the view that Section 6201(1) is unconstitutional, but rather that it is ill-advised because wholly unqualified, and, hence, subject only to Section 6223, secures plaintiffs against non-residents in situations in which they are suable in New York and the otherwise implicit need for security is not self-evident. Contrast F.R.C.P., Supplemental Rule B(1). It has not been suggested in any case that the statute is invalid under the Fourteenth Amendment, and "foreign attachment" is very old in New York and elsewhere. There is force in the attack on unqualified subjection of foreign corporations to attachment even though many are as readily suable in New York as any New York corporations and many have their principal places of business in New York, but the legislature is privileged to draft legislation in terms of the generality of the instances of its application and its general suitability to their legislative goal. Refining the statute in the light of today's conditions is a matter for the legislature to deal with. Section 6223 goes a long way toward rectifying the supposed inequalities of application.

4. At this time, relief under Section 6223 is not indicated. Perhaps the parties can agree on a limitation when the Sheriff's return has been made and any necessary arrangements with the United States Marshall have been worked out.

It is

ORDERED that the motion to vacate the order of attachment and to set aside the levies thereunder or to modify the terms of the order and levy are denied.