632 P.2d 726

**FRONTIER LEASING, INC., a New Mexico corporation, and Wayne Lovelady's Frontier Ford Corporation, a New Mexico corporation, Plaintiffs-Appellants,**

v.

**C.F.B., INC., a purported South Dakota corporation, Frank Farrar and Francis Graham, Defendants-Appellees.**

No. 13073.

Supreme Court of New Mexico.

Aug. 10, 1981.

Bruce E. Pasternack, Albuquerque, for plaintiffs-appellants.

Moses, Dunn, Beckley, Espinosa & Tuthill, Victor E. Carlin, Daniel Behles, Albuquerque, for defendants-appellees.

OPINION

RIORDAN, Justice.

Plaintiffs Frontier Leasing, Inc. (Frontier Leasing) and Wayne Lovelady's Frontier Ford Corporation (Frontier Ford) filed an action against defendants Francis Graham, Frank Farrar, and C.F.B., Inc. (C.F.B.) for monies due under certain lease agreements with Frontier Leasing and for amounts due for vehicle parts purchased on an open account with Frontier Ford. The trial court granted summary judgment in favor of defendant Graham on the ground that Graham was not liable individually on the debts. Plaintiffs appeal the court's grant of summary judgment in favor of Graham. We reverse.

Frontier Leasing entered into a series of vehicle leasing agreements with a business entity identified at various times as Royal Crown Bottling Corp., Royal Crown Bottling Co. and Royal Crown Bottling Company of New Mexico (Royal Crown). The first two agreements were made with Royal Crown Bottling Corp. and Royal Crown Bottling Co. respectively and were signed by the general manager in the following manner:

Royal Crown Bottling Corp.
(Lessee)
By: /s/ Robert W. Johnson
 Robert W. Johnson
 General Manager
 (Title)

The third and fourth agreements were made with Royal Crown Bottling Company of New Mexico and were signed by defendant Graham as follows:

Royal Crown Bottling Company of New Mexico
(Lessee)

By: /s/ Fran Graham

Pres.

(Title)

On or about August 31, 1979, Royal Crown returned the four vehicles to Frontier Leasing. At the time the vehicles were returned, Royal Crown was in arrears on the monthly lease payments. On or about September 20, 1979, Frontier Leasing notified Farrar and Graham of additional monies due under the termination clause of the leases. Thereafter, suit was filed to recover the monies due under the lease agreements and also to recover amounts due on the open account with Frontier Ford.

Plaintiffs contend that they were dealing with either a partnership or a proprietorship owned by defendants Farrar and Graham and that Farrar and Graham are personally liable on the debts. Graham claims, however, that he was not acting in his individual capacity but as an agent of C.F.B., a South Dakota corporation doing business in New Mexico under the various name derivations of Royal Crown. Plaintiffs claim that they had never heard of C.F.B. until after the leases and accounts were in default. None of the forms of Royal Crown's name are registered with the New Mexico Corporation Commission.

On November 26, 1979, Graham moved for summary judgment on the ground that the liability to Frontier Leasing and Frontier Ford was that of C.F.B. and not his as an individual. On December 11, 1979, C.F.B. filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the District of New Mexico. Graham states that notice of this filing was entered in the state district court on December 14, 1979. However, this notice was not included in the record on appeal. Graham's motion for summary judgment was heard on January 21, 1980. At that time, the district court was informed that C.F.B.

and Farrar intended to remove the case to the federal bankruptcy court. Graham was opposed to its removal. The district court granted Graham's motion for summary judgment and entered an order the same day.

The issues on appeal are:

I. WHETHER THIS COURT HAS JURISDICTION TO CONSIDER THE APPEAL, and

II. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.

I. *Jurisdiction*

On January 28, 1980, an application for removal of this cause to the federal bankruptcy court was apparently filed by defendants C.F.B. and Farrar. No copy of the removal application was ever filed in the state district court.

On February 19, 1980, the plaintiffs filed a notice of appeal with respect to the state court's grant of summary judgment. On April 1, 1980, *plaintiffs* filed a "notice" with the state court which stated that an application for removal had been filed on January 28, 1980, in the United States Bankruptcy Court for the District of New Mexico. A copy of the application for removal was not attached thereto.

■ Defendant Graham argues that this Court no longer has jurisdiction to hear this appeal since an application for removal was filed in federal bankruptcy court. We do not agree with this contention. Although the application for removal was apparently filed with the bankruptcy court, the defendants failed to follow the necessary procedure to perfect the removal.

Interim Bankruptcy Rule 7004(c) of the Rules of the United States Bankruptcy Court for the District of New Mexico states:

Promptly after the filing of the application and bond, when required, the party filing the removal application shall give written notice thereof to all adverse parties and shall file a copy of the applica-

tion with the clerk of the court from which the civil action or proceeding was removed which shall effect the removal and the parties shall proceed no further in that court unless and until the case is remanded.

A copy of the application for removal must be filed in the state court to give the court notice of the removal. Until a state court receives proper notice that the case has been removed, it may continue to hear the case before it. *See generally, Cavanaugh v. Atchison, T. & S.F. Ry. Co.*, 103 F.Supp. 855 (W.D.Mo.1952); *Ramahi v. Hobart Corp.*, 47 Or.App. 607, 615 P.2d 348 (1980).

The district court was told that C.F.B. and Farrar intended to remove the entire case to bankruptcy court. However, neither the district court nor this Court has ever received proper notice of the removal of this case to the federal bankruptcy court. Therefore, the removal is not complete and this Court has jurisdiction to hear this appeal. *See generally, Beleos v. Life & Casualty Insurance Co. of Tenn.*, 161 F.Supp. 627 (E.D.S.C. 1956); *Donlan v. F. H. McGraw & Co.*, 81 F.Supp. 599 (E.D.N.Y. 1948).

Because we hold that removal was not perfected, we do not address the question of whether the Supreme Court of the State of New Mexico can be deprived of jurisdiction to hear an appeal properly docketed in this Court.

## II. *Summary Judgment*

Summary judgment is proper when there is no genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law. N.M.R.Civ.P. 56(c), N.M.S.A.1978 (Repl.Pamp.1980). This Court recently reiterated the standards it imposes in upholding a summary judgment.

Summary judgment... cannot be substituted for a trial on the merits as long as one issue of material fact is still present in the case. The remedy should not be employed where there is the slightest doubt as to the existence of an issue of material fact. (Citations omitted.)

*Fischer v. Mascarenas*, 93 N.M. 199, 200, 598 P.2d 1159, 1160 (1979).

This case presents several issues of material fact, not the least of which is whether Graham acted in his individual capacity or only as an agent for C.F.B., Inc. Graham claims that at all times he acted on behalf of a corporation as indicated in the leases by the use of the terms "Corp." and "Company" after the name Royal Crown and that it is immaterial that plaintiffs did not know that the corporation for which he acted was really C.F.B., Inc. Plaintiffs argue that the term "Company" in the name Royal Crown Bottling Company of New Mexico is not necessarily indicative of a corporation and that Graham had told the plaintiffs after the first two leases were signed and before the third and fourth were signed that he had taken over the business and owned the company. The affidavits filed in this case on behalf of the plaintiffs state that they believed, based upon actions and statements made by defendants, that they were dealing with a sole proprietorship. The resolution of this issue is material as to who is liable on the debts for which plaintiffs bring suit and should be considered at trial.

Because of the existence of issues of material fact, the summary judgment in favor of Graham is set aside, and this case is remanded to the district court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.