726 P.2d 341

Leo W. KOENIG and Mary
Koenig, Petitioners,

v.

Thomas Roy PEREZ, et al.,
Respondents.

COLUMBUS ELECTRIC
COOPERATIVE, INC.,
Petitioner,

v.

Thomas Roy PEREZ, et al.,
Respondents.

No. 16321.

Supreme Court of New Mexico.

Sept. 29, 1986.

Hinkle, Cox, Eaton, Coffield & Hensley, Michael F. Millerick, Roswell, for Columbus Elec.

Jeffreys, Cooper & Associates, Gary Jeffreys, Deming, for Perez.

Weinbrenner, Richards, Paulowsky & Sandenaw, Neil E. Weinbrenner, Las Cruces, for Koenig.

## OPINION

FEDERICI, Justice.

Plaintiffs sued defendants Columbus Electric Cooperative, Inc. (CEC) and Leo and Mary Koenig (Koenigs) for damages arising out of an incident in which Thomas Roy Perez (Perez), one of the plaintiffs, sustained severe injuries when he came into contact with a downed high-voltage power line owned and controlled by CEC and located adjacent to a county road which ran through the Koenig farm.

Perez and Ernest Anselmi were high school students when the incident occurred in 1979 and were employed by the Koenigs as farm laborers. Anselmi testified in his deposition that he was driving alone on the county road through the farm when he lost control of his truck and hit a guy wire supporting an electric power pole, causing the pole and attached power lines to fall onto his truck. Anselmi was not injured and had walked some distance from the accident scene when Perez arrived in his own truck. Anselmi told Perez what had happened and the two returned to Anselmi's truck despite the downed power lines of which they were both aware.

Perez testified in his deposition that although he was aware at the time that contact with high-voltage lines could be very dangerous, he chose to go under several sagging lines and step over another to get to Anselmi's unoccupied truck because it was the closest way. After reaching Anselmi's truck and finding they could not extricate the vehicle, they decided to go and call someone to shut off the power lines. As they proceeded back to Perez' truck, they followed their respective routes taken to get to Anselmi's truck, Perez again going "through" and between the power lines and Anselmi crawling under them at a point further from his truck. It was on this second pass through the power lines that Perez came into contact with one and received the injuries complained of.

The poles, guy wires, and power lines in the accident area were installed in 1958 and had never been inspected or otherwise maintained by defendant CEC. In fact, at all times relevant, CEC did not have a maintenance schedule to test wires, guy wires, or poles, and it is undisputed that the guy wire in question was not in compliance with the Rural Electric Association (REA) safety code.

The trial court entered summary judgment in favor of defendants CEC and the Koenigs. The Court of Appeals reversed the trial court's entry of summary judgment as to all defendants. We granted certiorari and affirm that portion of the Court of Appeals' memorandum opinion which reverses the summary judgment entered in favor of CEC. We reverse that portion of the Court of Appeals' memorandum opinion which reverses the summary judgment entered in favor of the Koenigs. The result is that the cause is remanded to the trial court for reinstatement on its docket for further proceedings against defendant CEC only, and remanded for entry of summary judgment in favor of the Koenigs.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. NMSA 1978, Civ.P.R. 56(c) (Repl.Pamp.1980); *Westgate Families v. County Clerk of Los Alamos*, 100 N.M. 146, 667 P.2d 453 (1983).

■ An issue presented to this Court on certiorari is what standard is to be applied

on appeal in ruling on the propriety of a trial court's entry of summary judgment. In the present case the Court of Appeals held that the trial court's grant of summary judgment in favor of defendants was inappropriate because not "all doubt as to the existence of [an issue of] material fact" had been satisfied. We hold that the Court of Appeals misinterpreted the " 'slightest doubt' " language of *Frontier Leasing, Inc. v. C.F.B., Inc.,* 96 N.M. 491, 632 P.2d 726 (1981) (quoting *Fisher v. Mascarenas,* 93 N.M. 199, 200, 598 P.2d 1159, 1160 (1979)) in determining that "all doubt as to the existence of [an issue of] material fact" must be resolved for summary judgment to be appropriate.

In *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972), this Court recognized that New Mexico appellate courts "have repeatedly equated a 'genuine issue as to any material fact' with a 'slight doubt' or the 'slightest doubt.' This equation of terms has resulted in a disregard of the clear language and a departure from the meaning and purpose of Rule 56(c), Rules of Civil Procedure." *Id.* at 792, 498 P.2d at 679 (citations omitted). The Court in *Goodman* clarified the standard, stating:

> "Though it has been said that summary judgment should not be granted if there is the 'slightest doubt' as to the facts, such statements are a rather misleading gloss on a rule which speaks in terms of 'genuine issue as to any material fact,' and would, if taken literally, mean that there could hardly ever be a summary judgment, for at least a slight doubt can be developed as to practically all things human. A better formulation would be that the party opposing the motion is to be given the benefit of all *reasonable doubts* in determining whether a genuine issue exists. If there are such *reasonable doubts,* summary judgment should be denied. A substantial dispute as to a material fact forecloses summary judgment."

*Id.,* (quoting 3 W. Barron & A. Holtzoff, *Federal Practice and Procedure with Forms* § 1234, at 124–26 (C. Wright ed. 1958) (emphasis added).

"The burden on the movant does not require him to show or demonstrate beyond all possibility that no genuine issue of fact exists. To place this burden upon him would be contrary to the express provisions of Rule 56(e) * * * and would make Rule 56 almost, if not entirely, useless." *Id.* at 793, 498 P.2d at 680 (citations omitted). In essence, NMSA 1978, Civ.P. Rule 56(e) (Repl.Pamp.1980) contemplates that the movant need only make a prima facie showing of entitlement to summary judgment. Once a prima facie showing is made, the burden shifts to the party opposing the motion to show at least a reasonable doubt as to whether a genuine issue for trial exists. *See Cargill v. Sherrod,* 96 N.M. 431, 631 P.2d 726 (1981); *Goodman v. Brock;* Civ.P.R. 56(e). " 'If the evidence is sufficient to create a reasonable doubt as to the existence of a genuine issue, summary judgment cannot be granted.' " *Kern v. St. Joseph Hospital, Inc.,* 102 N.M. 452, 457, 697 P.2d 135, 140 (1985) (quoting *Poorbaugh v. Mullen,* 96 N.M. 598, 600, 633 P.2d 706, 708 (Ct.App.1981)); *Pharmaseal Laboratories, Inc. v. Goffe,* 90 N.M. 753, 568 P.2d 589 (1977).

A reviewing court, in deciding whether summary judgment is proper, "must look to the whole record and take note of any evidence therein which puts a material fact in issue." *Pharmaseal* at 758, 568 P.2d at 594. If the facts are not in dispute, but only the legal effect of the facts is presented for determination, then summary judgment may properly be granted. *Westgate Families v. County Clerk of Los Alamos; Meeker v. Walker,* 80 N.M. 280, 454 P.2d 762 (1969).

■ The record before this Court does not show any genuine issue of material fact as to the Koenigs. It is well established that whether a duty exists under the circumstances of a given case is a pure question of law for the court to determine. *Schear v. Board of County Commissioners,* 101 N.M. 671, 687 P.2d 728 (1984); *Southern Union Gas Co. v. Briner Rust Proofing Co.,* 65 N.M. 32, 331 P.2d 531

(1958). Based upon the record in this case, we find that the Koenigs owed no duty to Perez concerning the alleged dangerous condition claimed to be the cause of injuries to Perez. This was not a condition over which the Koenigs had control.

The Koenigs had a duty as employers to provide their employees with a reasonably safe place to work. *Padilla v. Winsor*, 67 N.M. 267, 354 P.2d 740 (1960). CEC owned and controlled the equipment creating the alleged dangerous condition. The Koenigs made reasonable efforts to alleviate any such condition by contacting CEC several times to inform them that the guy wire in question was very close to the road and to request that it be relocated or removed. Any dangerous condition which may have existed was one neither created nor maintained by the Koenigs and thus did not give rise to a duty owed to Perez. Even if we assume the Koenigs had a duty to warn of the location of the guy wire and assume a breach of that duty, such breach would not be the proximate cause of Perez' injuries under the facts of the present case because Perez testified that he knew the downed wires were dangerous before 'crossing under and over them. "The law requires * * * warnings for the unwary—not for those who have knowledge of a dangerous condition and choose to ignore the ordinary precautions necessary to protect themselves." *Curd v. H.B. Zachry Co.*, 72 N.M. 427, 429, 384 P.2d 695, 697 (1963). Summary judgment in favor of the Koenigs was appropriate.

However, the record does show the existence of genuine issues of material fact as to CEC. Although a utility is not an insurer of the general public, it does have a duty to inspect its operation for defects and a duty to use due care in the erection, maintenance, and operation of its lines for the benefit of those likely to come into contact with them. *New Mexico Electric Service Co. v. Montanez*, 89 N.M. 278, 551 P.2d 634 (1976). Based upon the record, reasonable minds could disagree on whether CEC was negligent; whether that negligence, if any, was the proximate cause of the injuries to Perez; whether Perez was negligent; and, if so, to what extent.

Since genuine issues of material fact remain, summary judgment in favor of CEC was improper.

This cause is remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

RIORDAN, C.J., SOSA, Senior Justice and STOWERS and WALTERS, JJ., concur.