766 P.2d 290

**Gordon PECK and Ann Peck, husband and wife, Elizabeth A. Hoffman and William D. Hoffman, husband and wife, and Murray L. Bruder, M.D., P.A., Pension Trust Account, Plaintiffs–Appellants,**

**v.**

**TITLE USA INSURANCE CORP., formerly U.S. Life Title Insurance Company of Dallas, Defendant–Appellee.**

**No. 17689.**

Supreme Court of New Mexico.

Dec. 14, 1988.

Lloyd O. Bates, Jr., Kelly P. Albers, Las Cruces, for appellants.

Walter R. Parr, Las Cruces, Miller, Stratvert, Torgerson & Schlender, Barbara Schneider, Dean G. Constantine, Albuquerque, for appellee.

## OPINION

STOWERS, Justice.

Gordon and Ann Peck (Pecks), plaintiffs-appellants, appeal from the judgment of the district court granting summary judgment in favor of Title U.S.A. Insurance Company (Title U.S.A.), defendant-appellee. We affirm.

On February 21, 1984, William H. Seelbach, Sr., entered into a real estate contract with Bill Seelbach's Sportman's Realty Inc. (Sportman's). The contract provided for the conveyance of certain real property located in Ruidoso, New Mexico to Sportman's for $154,878.05; $100,000 was to be paid in 180 monthly installments at 1,399.59 plus 15 percent interest per annum. The remaining balance of $54,878.05 plus 18 percent interest per annum was to be paid in two payments: $9,878.05 upon the execution of the real estate contract and $45,000.00, a year later, on February 21, 1985.

Seelbach, Sr. owed Capitan Financial, Inc. $100,000 on a promissory note, which was secured by a deed of trust dated February 21, 1984, and which covered the property in Ruidoso. The real estate contract stated that it was inferior to the deed of trust. Subsequently, also on February 21, 1984, Seelbach, Sr. assigned his interest in the real estate contract, to the extent of his right to receive payments from Sportsman's totalling $54,878.05, to the Pecks. The record does not indicate whether the Pecks received the initial payment of $9,878.05 on the date of execution of the contract.

On May 23, 1984, Title U.S.A. issued the Pecks a title insurance policy for their interest in the property. In paragraph 12 it stated that the policy did not insure against loss or damage of the property if the loss occurred for the following exception "Deed of Trust dated February 21, 1984, executed by William H. Seelbach, Sr., * * * in favor of Capitan Financial, Inc., securing payment of the sum of $100,000.00 and being filed for record on March 23, 1984, * * * and being assigned unto Republic Funding Incorporated * * *." In other words, their interest was subject to this exclusionary clause in the policy.

William H. Seelbach, Sr., eventually defaulted on payments secured by the deed of trust. The first lienholder, Republic Funding, Inc., successor in interest to Capitan Financial, filed suit to foreclose the lien of the deed of trust on the property, and was granted a judgment and decree of foreclosure on April 18, 1986. The Pecks were named defendants in that foreclosure action and appealed an order of the trial court that determined they had no security interest in the property. In the meantime, on June 27, 1986, the property was sold at foreclosure to Republic Funding. On March 5, 1987, in the Pecks' appeal, we affirmed the trial court and held that the assignment to the Pecks of a single installment payment did not convey to them a security interest in the real property, and since they were not assignees of the note itself, the Pecks were not entitled to an equitable mortgage in the real property. See *Rocky Mountain Escrow v. Seelbach*, No. 16,618 (N.M.Sup.Ct. Mar. 5, 1987).

Thereafter, the Pecks brought the present lawsuit against Title U.S.A. for breach of contract and negligence in issuing a title policy for a nonexistent interest and for collecting premiums on the policy. Title U.S.A. moved to dismiss for failure to state a cause of action upon which relief can be granted. In this proceeding Title U.S.A. presented matters outside the pleadings; the trial court treated the motion to dismiss as one for summary judgment and set a time for a hearing on the motion. No materials outside the pleadings were presented by the Pecks. On March 10, 1988, the trial court issued an order entitled, "Order Granting Summary Judgment To Defendant Title U.S.A.," and stated therein "the First Amended complaint as to defendant Title U.S.A. be and hereby is dismissed with prejudice." The Pecks appeal that judgment of the district court. We affirm.

Arguments made by the Pecks on appeal are: (1) The trial court erred in granting Title U.S.A. a dismissal with prejudice for failure to state a claim upon which relief can be granted and (2) the trial court erred in granting Title U.S.A. summary judgment. We find both issues devoid of any merit.

The Pecks in their first argument claim that a motion to dismiss cannot be converted to a motion for summary judgment unless an answer to the complaint has been filed. And the Pecks claim that after they amended their complaint, Title U.S.A. never filed an amended answer.

Our Rules of Civil Procedure, SCRA 1986, 1–012(B) specifically identify the method by which a motion to dismiss is converted to a motion for summary judgment.

> If, on a motion asserting the defense in Subparagraph (6) of this paragraph to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 1–056, and all parties shall be given a reasonable opportunity to present all material made pertinent to such motion by Rule 1–056.

SCRA 1986, 1–012(B); *Edwards v. First Federal Savings & Loan Ass'n*, 102 N.M. 396, 398, 696 P.2d 484, 486 (Ct.App.1985). Moreover, a motion to dismiss is to "be made before pleading if a further pleading is permitted," while a motion for summary judgment may be made at any time to determine whether a genuine issue of material fact exists. *Compare* SCRA 1986, 1–012(B) *with* 1–056.

■ Title U.S.A. in its motion to dismiss submitted two affidavits and a certified transcript of the record proper from the earlier foreclosure action. The trial court on December 10, 1987, postponed a hearing on the motion until February 11, 1988, to give the Pecks an opportunity to present affidavits or other evidence that would demonstrate the existence of a disputed issue of fact. Since matters outside the pleadings were presented to the trial court and since both parties had adequate notice to present all pertinent material at the hearing, the trial court correctly treated the Rule 12(B)(6), SCRA 1986, 1–012(B)(6) motion as a motion for summary judgment.

■ Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. SCRA 1986, 1–056(C); *Koenig v. Perez*, 104 N.M. 664, 665, 726 P.2d 341, 342 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must make a prima facie showing however of entitlement to summary judgment. *Koenig*, 104 N.M. at 666, 726 P.2d at 343; *Savinsky v. Bromley Group, Ltd.*, 106 N.M. 175, 176, 740 P.2d 1159, 1160 (Ct.App.), *cert. denied*, 106 N.M. 174, 740 P.2d 1158 (1987). Once a prima facie showing is made, the burden shifts to the party opposing the motion to show at least a reasonable doubt, rather than a slight doubt, as to whether a genuine issue for trial exists. *Koenig*, 104 N.M. at 666, 726 P.2d at 343. At this point, "an adverse party may not rest upon the mere allegations or denials of his pleading, but * * * must set forth specific facts showing there is a genuine issue for trial." SCRA 1986, 1–056(E).

The Pecks did not present any matters outside their pleadings to support their position that reasonable doubt on a genuine issue for trial existed. They filed no supporting affidavits or presented any other evidence, even after the trial court provided them with ample time to do so.

■ Title U.S.A. made a prima facie showing that no genuine issues of material fact exist as to its liability on a contract or negligence theory in issuing the insurance policy. At the time the Pecks purchased the title insurance policy, they were the assignees of the real estate contract which entitled them to a single installment payment. Their interest, as evidenced by the language in the real estate contract, was always subordinate to the deed of trust. And any loss occurring as a result of the foreclosure of the deed of trust on the

property was clearly excluded in paragraph 12 of the insurance policy. Thus, the Pecks' interest was subject at all times to this exclusionary clause in the policy. In the absence of ambiguity in a contract, the construction of a contract is a question of law. *Boatwright v. Howard*, 102 N.M. 262, 264, 694 P.2d 518, 520 (1985). Where there is only a question of law, such a case is well-suited for the use of a summary judgment procedure. *Electric Supply Co. v. United States Fidelity & Guar. Co.*, 79 N.M. 722, 726, 449 P.2d 324, 328 (1969).

The Pecks' interpretation of our prior decision in *Rocky Mountain Escrow v. Seelbach* is incorrect. We stated therein that at the time of the foreclosure their interest in the property was not one of realty. We did not determine whether they had an insurable interest when they purchased the insurance policy from Title U.S.A. It is clear, however, that whatever interest the Pecks had in the property was always subject to the exclusionary clause in the title policy or subject to the deed of trust. When that deed of trust was foreclosed, their interest ended.

No issues of material fact exist and Title U.S.A. is entitled to judgment as a matter of law. The judgment of the district court is affirmed.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and RANSOM, J., concur.