775 P.2d 245
**Richard T. PACA, Plaintiff–Appellant,**

v.

**K–MART CORPORATION, a foreign corporation, Robert Corrales, William Kelley, and Herbert Camper, Defendants–Appellees.**

**No. 17983.**

Supreme Court of New Mexico.

May 31, 1989.

Pickett & Holmes, Lawrence C. Pickett, Las Cruces, for plaintiff-appellant.

Weinbrenner, Richards, Paulowsky & Sandenaw, Neil E. Weinbrenner, Las Cruces, for defendants-appellees.

## OPINION

STOWERS, Justice.

Plaintiff-appellant, Richard T. Paca (Paca), appeals a trial court's grant of two partial summary judgment motions in favor of defendants-appellees, K–Mart Corporation (K–Mart), Robert Corrales (Corrales), William Kelley (Kelley) and Herbert Camper (Camper). We affirm.

FACTS

Paca worked for K–Mart continuously from May 20, 1971, until his discharge on June 10, 1986. At the time of his discharge, Paca was the Department Manager for sporting goods and automotive accessories for K–Mart's store number 3058 in Las Cruces, New Mexico. Paca was discharged for violating K–Mart policy by using K–Mart's name to order hydraulic hoist oil for retail sale.

**480**

In 1986 Camper, K–Mart's Loss Prevention District Supervisor, made a routine visit to store 3058 and learned that Paca used K–Mart's name to order two five gallon containers of hydraulic hoist oil for retail sale. The oil was a service department item which was not stocked in either of Paca's departments. Camper investigated the order and found that Paca had previously ordered oil in K–Mart's name for retail sale in late 1985. In 1985 Paul Neumann (Neumann), K–Mart's District Manager for sporting goods, told Paca the oil was "for shop use only" and that his sales violated K–Mart policy. Paca explained that he ordered the oil for customers who had no other oil source and Neumann recommended that his customers order directly from the oil distributor since Paca was not authorized to order oil for them. After the investigation, Camper determined that Paca violated K–Mart policy by ordering oil in K–Mart's name for retail sale when he had been told that such actions violated K–Mart policy.

On June 10, 1986, Paca met with Camper, Kelley (K–Mart's District Manager) and Corrales (General Manager for store 3058) in store 3058's security office. At the meeting, Camper told Paca that his purchase of oil in K–Mart's name for retail sale violated K–Mart policy. Paca then asked if he was accused of profiting from the oil sales and Camper told him he was only charged with violating K–Mart policy. Paca was then discharged.

On December 5, 1986, Paca filed a six count complaint against K–Mart for breach of contract, wrongful discharge, slander and failure to promptly tender Paca's final paycheck in the correct amount. The complaint charged the other defendants with wrongful discharge and additionally charged Camper with slander. Paca sought actual and compensatory damages totalling $2,000,000 plus punitive damages. The defendants denied Paca's claims and sought dismissal with prejudice of Paca's complaint for failure to state a claim upon which relief can be granted. Paca requested a six person jury trial on February 10, 1987.

On April 29, 1988, the defendants moved for summary judgment pursuant to SCRA 1986, 1–056. The trial court heard the motion on May 11, 1988, and entered a partial summary judgment in favor of the defendants as to breach of contract and wrongful discharge. The trial court found that genuine material factual issues remained as to Paca's claims of slander and incorrect final payment. The defendants moved for a partial summary judgment on Paca's slander claim on June 16, 1988, which the trial court granted on July 5, 1988. Paca's incorrect payment claim was dismissed with prejudice on August 31, 1988, pursuant to an agreement between the parties. Paca appeals the trial court's two partial summary judgments in favor of defendants.

ISSUE

The issue on appeal is whether the trial court correctly granted two partial summary judgments for the defendants. A summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. SCRA 1986, 1–056(C); *Peck v. Title USA Ins. Corp.*, 108 N.M. 30, 32, 766 P.2d 290, 292 (1988); *Koenig v. Perez*, 104 N.M. 664, 665, 726 P.2d 341, 342 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On review, the party opposing summary judgment benefits from all reasonable doubts in determining whether a genuine material factual issue exists. *Koenig*, 104 N.M. at 666, 726 P.2d at 343.

Paca claims that genuine issues exist as to: 1) whether K–Mart's employee handbook contractually altered the parties' "at will" relationship; 2) whether Paca was wrongfully discharged in violation of public policy; and 3) whether Paca was slandered. We find no merit to these claims.

■ First, the parties agree that Paca was an "at will" K–Mart employee, subject to discharge with or without cause. Paca claims that K–Mart's employee handbook, outlining discharge proceedings, constituted an implied contract with Paca which K–Mart was bound to follow. In this case, the handbook was applicable *only* to hourly wage employees. Paca, a salaried managerial employee, was not given a copy of the

handbook and had no reason to rely on its contents. Also, the handbook clearly stated that K–Mart employees were *terminable "at will."* Personnel manuals containing such a statement do not create an implied contract altering the parties' "at will" relationship. *Lukoski v. Sandia Indian Management Co.,* 106 N.M. 664, 666–67, 748 P.2d 507, 509–10 (1988). Thus, we conclude that the trial court correctly found no genuine issue as to breach of contract.

Second, there is no evidence that Paca's discharge violated public policy. Wrongful discharge requires proof that an employee performed an act favored by public policy or failed to perform a disfavored act. *Vigil v. Arzola,* 102 N.M. 682, 689, 699 P.2d 613, 620 (Ct.App.1983), *reversed on other grounds,* 101 N.M. 687, 687 P.2d 1038 (1984). No such act is involved in Paca's case. Thus, the trial court correctly found no genuine issue as to wrongful discharge.

Finally, Paca claims that Camper and K–Mart slanderously accused him of embezzlement or theft at his discharge meeting. Slander consists of: 1) an intentional, negligent or malicious publication; 2) of a false defamatory statement of fact concerning the plaintiff; 3) to a third person who understands it to be defamatory; and 4) which actually injures the plaintiff. SCRA 1986, 13–1002. Paca fails to cite a specific statement accusing him of a crime. Instead, Paca infers a criminal accusation from Camper's statement that his use of K–Mart's name to order oil for retail sale violated K–Mart policy. Those who heard the statement agreed that it was not defamatory and Paca was assured that he was not accused of profiting from his oil sales. Thus, there was no genuine issue of slander. We affirm the trial court's grant of summary judgment.

IT IS SO ORDERED.

SOSA, C.J., and SCARBOROUGH, J., concur.