HARRY ERIKSSON, Appellant, v. REFINERS EXPORT COMPANY, INC., Respondent. (Action No. 1.)

First Department, December 21, 1942.

*Forrest E. Single* for appellant.

*James F. Dwyer* of counsel (*Harold H. Meyers* with him on the brief; *Satterlee & Warfield,* attorneys), for respondent, appearing specially.

*Per Curiam.* The failure to comply with section 235 of the Civil Practice Act invalidated the attachment and since the jurisdiction acquired by the attachment was conditional " and liable to be divested in a case where the jurisdiction of the court is made dependent by a special provision of law upon some act to be done after the granting of the provisional remedy " it was proper to vacate the attachment *ab initio* (Civ. Pr. Act, § 825; *Matthews* v. *Matthews,* 210 App. Div. 652; affd., 240 N. Y. 28.) Otherwise an invalid attachment could be made the means of withholding property from the possession of the owner until a valid attachment was secured and perfected.

We think that section 906 of the Civil Practice Act does not apply to the present case. By express terms that section is limited to a failure by the plaintiff to file the papers specified therein or to " any other defect or omission in the *granting* or *issuance* " of the warrant of attachment or the levy thereunder. It does not create a jurisdiction which by section 825 of the Civil Practice Act is made to depend upon " some *act to be done* after the granting of the provisional remedy."

The order should be affirmed with twenty dollars costs and disbursements.

Dore, J. (dissenting). The court had jurisdiction when the warrant was issued. The warrant and levy thereunder were valid when made but plaintiff failed to perfect service by thereafter failing to serve defendant with the complaint. Under Civil Practice Act section 906 as amended in 1940 (L. 1940, ch. 625), the Legislature expressly provided that a warrant of attachment, notwithstanding the failure to file the papers within ten days, " or any other defect or omission in the granting or issuance thereof or levy thereunder, shall be and remain valid as to each person holding property subject to attachment * * * until an order vacating * * * the same shall have been duly made * * * and a certified copy * * * served upon such person." Stripped of unnecessary words, that amendment is a legislative mandate that, although the persons

upon whom such warrant is served may believe there are defects or omissions, the warrant " shall *remain* valid " *until an* order of vacatur is served.

If it is urged that thus an invalid attachment may become the means of withholding property from the possession of the owner, the Legislature (also by amendment of 1940 [L. 1940, ch. 625]) has provided that " the person upon whom a warrant of attachment has been served " may apply at any time to vacate the same. (Civ. Pr. Act, § 948.)

The jurisdiction was not void *ab initio*. Accordingly I dissent and vote to modify the order appealed from by striking therefrom the words " *ab initio* " and, as so modified, to affirm.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.; DORE, J., dissents in opinion.

Order affirmed with twenty dollars costs and disbursements.