MARGUERITE C. VILAS, Plaintiff, *v.* CURTIS N. VILAS, Defendant.

Supreme Court, Special Term, New York County, March 31, 1954.

*F. X. Mancuso* for defendant appearing specially.

*Irving E. Yelowcin* for plaintiff.

EDER, J. Defendant, appearing specially, moves to vacate two warrants of attachment on the grounds: (1) that the summons was not properly served within the prescribed thirty-day period subsequent to the granting of the warrants; (2) that the court does not have jurisdiction of the subject of this action.

Defendant also presents a subsidiary contention, viz., that the levies made pursuant to one of the warrants were improperly made. It is unnecessary to consider this particular contention at this time as its determination is contingent on the issue of validity of the warrant.

Relative to the contention of lack of jurisdiction of the subject matter, it is predicated on the nonresidence of plaintiff and defendant, and, also the fact that the causes of action pleaded in the complaint arose without the State.

Defendant urges that the doctrine of " forum non conveniens " be applied.

The first cause of action is based on an Illinois judgment for accrued alimony under a Florida decree of divorce. The second cause of action is for additional accrued alimony due under the Florida decree.

Defendant advances the claim that our courts have power to decline jurisdiction in actions between nonresidents even in contract or property actions, that power not being necessarily confined to tort cases (*Bata* v. *Bata,* 304 N. Y. 51). While the court has the undoubted power to decline jurisdiction, the circumstances here involved are such as to require, in the opinion of the court, an acceptance of jurisdiction.

Plaintiff resides in Louisiana; defendant resides in Indiana. The causes of action arose in Illinois and Florida, and plaintiff, unable to collect accrued alimony, for years, finally levies on defendant's property in New York under warrants of attachment. To decline jurisdiction at this stage of the collection process would not only work an injustice to plaintiff but would also violate the basic concept of "full faith and credit" to be accorded to the Florida decree and the Illinois judgment. Accordingly, that ground of objection is overruled.

Considering now the defendant's primary contention, e.g., that the summons was not properly served within the thirty-day period required by section 905 of the Civil Practice Act: Plaintiff did, within the thirty-day period, serve the summons together with a copy of the verified complaint upon the defendant, without the State, without an order, as authorized by section 235 of the Civil Practice Act. Defendant asserts that the copy of the complaint served upon him did not include the two exhibits, namely, copies of the Illinois judgment and the Florida decree, which were annexed to the original complaint as Exhibits A and B, and made parts thereof.

Section 235 provides that defendant under these circumstances may be served without the State "in the same manner as if such service were made within the state, *except that a copy of the verified complaint must be annexed to and served with the summons*". (Emphasis supplied.)

The applicable principle was clearly enunciated in *Korn* v. *Lipman* (201 N. Y. 404, 406): "The general rule in regard to the service of process established by centuries of precedent is that process must be served personally within the jurisdiction of the court upon the person to be affected thereby. Substituted service when provided by statute is in derogation of such general rule, and, consequently, the directions thereof must be strictly construed and fully carried out to confer any jurisdiction upon the court."

In that case it was held that depositing the papers in a mail chute of a building constituted a failure to comply with the requirement in the order of publication for deposit in the general post office.

Similarly, in *Cohnfeld* v. *Bliss* (174 App. Div. 434), service by a deputy United States marshal without the State (at a time when section 233 included "United States marshal" but not "deputy United States marshal" among those qualified to serve without the State) was set aside.

The same situation here presented was involved in *Fair* v. *Kenny* (103 Misc. 412, 413). The original complaint in that action referred to a copy of " ' a written memorandum of said sale signed by the defendants ' " as Exhibit A annexed to the complaint. The copy served on defendant without the State in lieu of publication did not contain a copy of " Exhibit A ". The defendant appeared specially to vacate the warrant of attachment. It was held that the omission to serve a copy of the exhibit, a material part of the complaint, was a " fatal noncompliance with the statute " (p. 414).

In the action at bar the original complaint discloses that the exhibits were expressly made parts of the complaint and are in fact the foundations of the causes of action pleaded. They are, indisputably, material parts of the complaint.

If, in fact, they were not annexed to the copy of the complaint served on the defendant, a copy of which (meaning manifestly a complete copy) was required to be served under section 235, then plaintiff did not effect valid service and the attachment is void.

The conditional jurisdiction acquired by the granting of the warrants is subject to divestiture by failure to serve the summons within thirty days thereafter, and a failure to comply with all the requirements of section 235, selected by a plaintiff as the mode of service, invalidates the attachment *ab initio* (*Eriksson* v. *Refiners Export Co.*, 265 App. Div. 310).

Plaintiff's attorneys, besides disputing the legal issues raised by defendant, have also created an issue of fact as to whether the copy of the complaint served did contain copies of the exhibits.

In their opposing affidavit, Mr. Irving E. Yelowcin, an attorney, states that he personally supervised the stapling of all the exhibits not only to the original papers filed, but also to the copies transmitted to the Sheriff of La Porte County, Indiana, for service on the defendant. This issue of fact must therefore be resolved by a hearing. The deposition of the chief deputy sheriff who effected service and whose manner of stamping the papers may well be decisive in the determination of the issue, should be taken without delay.

Accordingly, the said issue of fact is referred to Hon. DENIS O'L. COHALAN, Official Referee, to take proof with respect thereto, and report to the court thereon with all convenient speed.

Final disposition is held in abeyance to await the coming in of the Official Referee's report.

Settle order.