Henry Epstein, J.
Defendant moves for an order vacating the attachment and all proceedings thereunder upon the ground that there has been failure of service of the summons within 30 days after the warrant was granted, as required by the provisions of section 905 of the Civil Practice Act.
The basic factual assertion is conceded and the warrant must be vacated if in fact the court does not have jurisdiction over the defendant. The contention that service of the summons was accepted is disputed. Heretofore defendant moved for the vacatur of the warrant and it is contended that thereby the defendant appeared generally. While by the decision denying the motion to vacate the court indicated it had jurisdiction of the subject of the action, it was not jurisdiction which defendant was challenging. It contended rather that because the parties were committed to arbitration no cause of action existed in favor of the plaintiff. The warrant was secured after plaintiff had demanded arbitration. While in the papers in support of the application for the warrant plaintiff asserted an action was to be commenced, it is obvious that no action could be continued by virtue of the arbitration act if there was insistence upon arbitration. Nevertheless, a warrant of attachment will not in such circumstances be vacated and it was not. But the agreement to arbitrate in New York subjected the defendant to the jurisdiction of the court and a warrant to secure the collection of any award is as much an enforcement of the award as a judgment to be entered upon any award made.
In any view of the matter the defendant has consented to the jurisdiction of the court and service of the summons following issuance of the warrant is unnecessary. This, too, must be the obvious result of the refusal of our courts to vacate a warrant despite the fact that prosecution of the action becomes impossible and is stayed pending the arbitration.
The motion is denied.