OPINION OF THE COURT
Louise Gruner Gans, J.
Petitioners Robert and Suzanne Mulder move, pursuant to CPLR 2221, for leave to reargue respondents’ motion to vacate and, upon reargument, vacating the court’s June 30, 1999 order and reinstating the December 18, 1998 order of attachment in the amount of $200,000.
This motion involves the interaction of procedures concerning commencement of an arbitration and a special proceeding to aid the arbitration. This interaction yields the following questions:
Whether petitioner is required to file with the County Clerk its notice of claim when it obtains an order of attachment within 10 days of the date the attachment order is issued;
When is an arbitration “commenced” if the initial National Association of Securities Dealers (NASD) filing is defective;
Whether service of the statement of claim upon the NASD satisfies the service requirement under CPLR 6213;
How do the words “summons and complaint” used in CPLR 6213 and 6212 translate in arbitration.
On October 30, 1998, the Mulders filed a statement of claim with the NASD. In a letter dated December 23, 1998, the NASD advised petitioners that their statement of claim was deficient because a uniform submission agreement for Suzanne B. Mulder, trustee of the Suzanne B. Mulder Trust, was also required to be filed with the NASD.[1] The NASD further stated that the claim would not be served on respondents until such deficiencies were corrected. Otherwise, the NASD threatened, the case *507 would be closed in 30 days. Petitioners submitted the missing agreement to the NASD on January 25, 1999.
On December 18, 1998, this court issued an order of attachment in aid of arbitration in the amount of $200,000. However, on June 30, 1999, on respondents’ motion, the attachment was vacated because petitioners failed to demonstrate that they had complied with CPLR 6212 (c) by filing “the affidavit and other papers upon which it [the order of attachment] was based and the summons and complaint in the action” (emphasis added). CPLR 6212 (c) provides that an attachment “shall be invalid if not * * * filed” within 10 days.
Reargument is appropriate where, as here, petitioners assert that the court overlooked some fact or principle of law. (300 W. Realty Co. v City of New York, 99 AD2d 708 [1st Dept], appeal dismissed 63 NY2d 952 [1984].) The fact which the court allegedly overlooked is that the attachment order and supporting papers were timely filed with the County Clerk’s office on December 24, 1998. Contrary to petitioners’ assertion, it is not the court’s responsibility to track down the County Clerk’s file to determine whether petitioner has timely filed the papers as required by CPLR 6212. Nevertheless, in light of the undisputed evidence of filing, the court will accept counsel’s professions of ignorance as an excuse for not including it in the original motion. (Ellis v Central Hanover Bank & Trust Co., 198 Misc 912 [Sup Ct, NY County 1951], citing Fosdick v Town of Hempstead, 126 NY 651 [1891].) However, this does not end the court’s reconsideration of respondents’ original motion to vacate the attachment for disposing of the original motion.[2] The court did not reach the question of petitioners’ compliance with CPLR *508 6213 because of petitioners’ failure to demonstrate their compliance with CPLR 6212 (c).[3]
With the July 30, 1999 affidavit of Max Folkenflik, petitioners have demonstrated to the court that the order of attachment and its supporting papers[4] were timely filed with the New York County Clerk on December 24, 1998. CPLR 6212 (c) is satisfied when the required documents are filed with the County Clerk’s office. (McGoldrick v ICS Sales & Leasing, 412 F Supp 268 [ED NY 1976].) In this case, while the County Clerk’s date stamp demonstrates that the order of attachment and papers upon which it was based were timely filed, the further' question remains whether petitioners were also required to file with the County Clerk’s office a copy of their NASD filing.
Respondents argue that the attachment is invalid because petitioners failed to timely file with the County Clerk a copy of their NASD filing including the statement of claim. However, respondents fail to cite any authority for their position that the statement of claim is equivalent to the term “summons and complaint” in CPLR 6212 (c). Instead, respondents point to CPLR 7502 (c), which provides in part: “Provisional remedies. The supreme court in the county in which an arbitration is pending, or, if not yet commenced, in a county specified in subdivision (a), may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of articles 62 and 63 of this chapter shall apply to the application, including those relating to undertakings and to the time for commencement of an action (arbitration shall be deemed an action for this purpose) if the application is made before the commencement, except that the sole ground for the granting of the remedy shall be as stated above. The form of the application shall be as provided in subdivision (a)” (emphasis added). If “arbitration” is substituted for the word “action” in CPLR 6212 *509 (c), as CPLR 7502 instructs, then it reads “the affidavit and other papers upon which it [the order of attachment] was based and the summons and complaint in the [arbitration].” As there is no summons and complaint in an arbitration, respondents take the position that a copy of the NASD filing, which commences the arbitration and the service of which upon the NASD gives the NASD jurisdiction over the respondent (Securities Industry Conference on Arbitration, NASD Arbitration Procedures for Investors, How is Arbitration Begun?, [8] [1999]), must be filed with the County Clerk within 10 days of issuance of the order of attachment.
Petitioners argue that no additional papers were required to be filed with the County Clerk because the order to show cause and verified petition take the place of the summons and complaint. Petitioners rely on CPLR 402 (art 4, “Special Proceedings,” “Pleadings”), CPLR 403 (art 4, “Special Proceedings,” “Notice of Petition; service; order to show cause”) and Matter of Liederman v Mills (238 AD2d 593 [2d Dept 1997]), for the proposition that the verified petition is substituted for the complaint and the order to show cause^ is substituted for the summons in a special proceeding.
The court rejects petitioners’ argument. If the petition and order to show cause substituted for the summons and complaint, as petitioners argue, there would be no need to list them separately in CPLR 6212 (c). CPLR 6212 (c) clearly distinguishes between “the affidavit and other papers upon which [the attachment] was based,” or the papers which initiate the special proceeding, including the petition and affidavit upon which the petition is based, from “the summons and complaint,” which initiate the subsequent action.
Further, Liederman (supra) is inapplicable here because it does not involve the intersection of arbitration and preliminary relief in aid of arbitration. While Liederman and this case are both special proceedings (CPLR 7502), the court rejects the conclusion petitioners derive from this fact. In the Liederman case, the Second Department converted a CPLR article 78 proceeding to an action for a declaratory judgment and remitted the matter to the Supreme Court to afford the respondents an opportunity to serve and file an answer. Service of the petition and notice of petition on respondent provided the court with jurisdiction over the respondent/defendant in that case, just as service of the petition and order to show cause did in this case.
However, the requirement of filing with the County Clerk, as distinguished from the initial filing with the Clerk of the Court, *510 under CPLR 6212 (c) is not jurisdictional, but to provide public notice of the attachment. (Legislative Studies and Reports, McKinney’s Cons Laws of NY, Book 7B, CPLR 6212, at 78.) The statute itself provides that a court may grant an extension to comply with the filing requirement before or after the original 10-day time period has expired. (CPLR 6212 [c].) Therefore, petitioners’ failure to timely file the NASD statement of claim with the County Clerk’s office is curable and not fatal to its attachment.
• In addition, respondents argue that the attachment is invalid because petitioners have not satisfied CPLR 6213. CPLR 6213 provides: “An order of attachment granted before service is made on the defendant against whom the attachment is granted is valid only if, within sixty days after the order is granted, a summons is served upon the defendant.” The NASD served respondents with petitioners’ complete NASD filing on March 9, 1999, 81 days after the date of the attachment. Petitioners argue that CPLR 6213 is inapplicable here since the arbitration was commenced on October 30, 1998, prior to commencing the special proceeding for an attachment in aid of the pending arbitration. However, that first NASD filing was rejected on December 23, 1998 by the NASD as incomplete and the Mulders did not provide the signed submission agreement until January 25, 1999. Therefore, the question arises as to when the arbitration proceeding would be considered to have been commenced.
The NASD’s Arbitration Procedures for Investors explains rule 10314 as follows:
“To begin arbitration, the prospective claimant must do the following: * * *
“(8) Submission Agreement — Complete and return three signed and notarized copies of the Submission Agreement provided by the sponsoring organization. By signing the Submission Agreement, the claimant agrees to submit the dispute to arbitration and to abide by the decision (the ‘award’) of the arbitrators * * * Once a Submission Agreement has been signed, the procedures and timing set out in the Uniform Code become operative and binding.”
Arguably, under these provisions, the arbitration was not commenced under the NASD rules until January 25, 1999. However, in its December 23, 1998 letter, the NASD advised petitioners that their submission was deficient, and that it would close the case in 30 days if the deficiency was not corrected. In the absence of authority interpreting this NASD pro *511 vision, the court must address both alternatives. Under the latter interpretation, the arbitration was commenced on October 30, 1998 and CPLR 6213 is not triggered. Under the former, the arbitration was commenced on January 25, 1999, well after the attachment was granted and CPLR 6213 would be applicable.
Petitioners argue that even if CPLR 6213 is applicable, it was satisfied with service on respondents of the petition and order to show cause. Again the court rejects petitioners’ argument that the petition and order to show cause are the equivalent of a summons and complaint. That petitioners’ argument is circular becomes evident when the original CPLR 6213 and 7502 are read together. CPLR former 6213 was amended in 1992 as a result of the conversion to a commencement-by-filing system. Otherwise, it is identical to the current CPLR 6213. The court turns to CPLR former 6213 because it uses the word “action,” which is not used in the current version. Previously it read: “An order of attachment granted before an action is commenced is valid only if, within 60 days after the order is granted, a summons is served upon the defendant.” As discussed above, if “arbitration” is substituted for “action,” as CPLR 7502 instructs and “statement of claim” is substituted for “summons,” then it becomes clear that CPLR 6213, even as revised in 1992, is not satisfied by service upon respondent of the notice of petition, petition, and order to show cause which resulted in the attachment.
Alternatively, petitioners argue that service of the statement of claim upon the NASD on either October 30, 1998 or January 25, 1999 is service upon respondents for the purposes of CPLR 6213. As members of the NASD, respondents agreed to abide by the NASD Code of Arbitration Procedure including rule 10314 which states that arbitration is commenced by filing with the NASD, not service upon respondents. Moreover, in agreeing to abide by NASD arbitration rules, including rule 10314, respondents agreed that it is up to the NASD, not petitioners, to timely serve respondents. (Matter of Beckman v Greentree Sec., 87 NY2d 566, 572 [1996] [“NASD satisfied its initial burden of employing a method of giving notice reasonably likely to afford actual timely notice to appellant”].) Therefore, the court agrees that petitioners satisfied the service requirement under CPLR 6213 with service on the NASD.
Contrary to respondents’ objection, this conclusion does not constitute a waiver of respondents’ fundamental right of due process. Service of the summons under CPLR 6213 is jurisdic *512 tional. (Vilas v Vilas, 205 Misc 988 [Sup Ct, NY County 1954].) If this court’s jurisdiction rests on the attachment of respondents’ property, then jurisdiction is conditional and subject to divestiture by failure to serve the summons on respondents within 60 days. (Supra.) However, where an attachment is obtained on notice, the jurisdictional concerns of CPLR 6213 do not arise.
This court acquired jurisdiction over respondents with service of the original petition, which was brought on by order to show cause on July 13, 1998, and served upon respondent pursuant to the instructions therein. The petition was made pursuant to CPLR 6210 (“Order of attachment on notice; temporary restraining order; contents”) not CPLR 6211 (“Order of attachment without notice”). Because of the due process problems associated with ex parte attachments, CPLR 6211 provides additional safeguards (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C6211:l, at 61), which are not necessary when the petition for an attachment is made on notice to respondent. Indeed, the Court of Appeals indicated in dicta that where an attachment is sought on notice in aid of arbitration, additional service upon respondent is not required for the attachment to remain valid. (See, Cooper v Ateliers de la Motobecane, 57 NY2d 408 [1982].) Further, if A.S. Goldman, a New York corporation, which had offices in New York at one time, submitted to jurisdiction in New York in its registration as a broker-dealer, then it subjected itself to the jurisdiction of this court. (See, Compania Panamena Maritima San Gerassimo v International Union Lines, 17 Misc 2d 969 [Sup Ct, NY County 1959].) Therefore, the attachment is valid even though petitioners did not serve respondents with the NASD statement of claim.
The NASD’s jurisdiction over the arbitration is a separate issue. To become members of the NASD, respondents subjected themselves to the jurisdiction of the NASD. While the NASD may not have had jurisdiction over the arbitration until January 25, 1999, it had jurisdiction over respondents well before petitioners filed the petition for an attachment. Respondents’ due process concerns relate to the arbitration proceeding. While service of the statement of claim upon the NASD satisfies CPLR 6213 respondents remain entitled to notice of the arbitration claims against them. (See, Matter of Beckman v Greentree Sec., supra.)
Accordingly, it is ordered petitioners are directed to submit to the County Clerk’s office a copy of their NASD filing within *513 10 days of service of this order with notice of entry. Upon timely satisfaction of this order, their compliance with CPLR 6212 (c) will be found to be timely, nunc pro tunc, and it is further ordered that petitioners’ motion for leave to renew is granted and, upon reargument, the December 18, 1998 order of attachment is reinstated.

. Rule 10314 of the NASD Code of Arbitration Procedure states:
“Initiation of Proceedings.
“Except as otherwise provided herein, an arbitration proceeding under this *507 Code shall be instituted as follows:
“(a) Statement of Claim
“The claimant shall file with the Director of Arbitration an executed Submission Agreement, a Statement of Claim of the controversy in dispute, together with the documents in support of the Claim, and the required deposit * * * The Director of Arbitration shall endeavor to serve promptly by mail or otherwise on the Respondent(s) one (1) copy of the Submission Agreement and one (1) copy of the Statement of Claim.”

. Meanwhile, Honorable Helen Freedman issued an order dated July 7, 1999 in Morgenthau v Goldman & Co. enjoining disposition of A.S. Goldman’s assets to the extent of $99,269,688. Respondents argue that Judge Freedman’s order moots the present temporary restraining order. Respondents provide no legal authority for their position and the court is aware of none. Rather, if the December 18, 1998 order of attachment is reinstated, then a question of priority exists, which would’ be determined pursuant to CPLR 6221. A respondent, however, may not commence such a special proceeding as this right belongs to the adverse claimants. (Katz v Liston, 22 AD2d 205 [1st Dept 1964].) Accordingly, it is necessary for this court to address the merits of the original motion.

. The court mistakenly stated on page 2 of the June 30, 1999 order that the decision .was based on petitioners’ failure to comply with CPLR 6213 instead of CPLR 6212 (c).

. The papers filed include: order to show cause dated July 13, 1998; petitioners’ memorandum of law; the verified petition; affirmation of Margaret McGerity in support of petitioners’ ex parte application for an order to show cause and temporary restraining order; supplemental affirmation of Max Folkenflik; affidavit of Carole R. Bernstein; A.S. Goldman’s memorandum of law; and A.S. Goldman’s verified answer, but not a copy of petitioners’ NASD filing.