■ FRANK MORETA, Also Known as FRANK PICHARDO, an Infant, by His Mother and Natural Guardian, JANET MORETA, Also Known as JANET PICHARDO, Appellant, v CITY OF NEW YORK et al., Respondents. [782 NYS2d 78]—

Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered January 13, 2004, as amended by order entered on or about February 9, 2004, which, in an action for medical malpractice, granted defendants' motion to reargue their posttrial motion for a new trial, and, upon reargument, directed judgment in favor of defendants as a matter of law, unanimously affirmed, without costs.

Plaintiff's theory is that he contracted tuberculosis from his mother while the latter was pregnant, and that generally accepted medical practice with regard to pregnant women with tuberculosis called for at least nine months of drug treatment, not the three that the mother received. Defendants counter that the mother's drug treatment was properly terminated based on seven negative sputum samples definitively demonstrating that she did not have active tuberculosis, and that plaintiff contracted that disease after his mother was no longer in their care. The jury answered the first interrogatory, as to whether the mother had active tuberculosis while in defendants' care, in the negative, but then proceeded to answer the remaining interrogatories, as to whether, inter alia, defendants departed from accepted medical practice by discontinuing the mother's antituberculosis medication, in the affirmative, and returned a verdict awarding plaintiff substantial damages. Defendants' ensuing motion for a new trial on the ground of inconsistent verdict was granted. Thereafter, defendants made the instant motion to reargue, arguing that since the evidence was legally insufficient to show that the mother had active tuberculosis while in their care, the relief to which they were actually entitled was dismissal of the complaint. The trial court properly entertained such motion to reargue, where the original motion papers gave plaintiff notice of defendants' legal insufficiency

claim, and it was only because of counsel's oversight that dismissal was not originally sought and granted (*see Mulder v Goldman & Co.*, 183 Misc 2d 505, 507 [1999]). On the merits, plaintiff's expert's opinion that the mother had active tuberculosis while in defendants' care was definitively rebutted by the seven sputum tests. There is no evidence that such tests were not properly performed, and plaintiff's expert conceded that there was only a 10 to 30% chance that any one of them was wrong. The odds that all seven tests were wrong are thus so small as to leave no rational process for rejecting their results. Concur—Tom, J.P., Sullivan, Williams, Friedman and Marlow, JJ.